# Exhibit 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

DORSEY J. REIRDON, )
)
    Plaintiff, )
)
v. )    Case No. 6:16-cv-00087-KEW
)
XTO ENERGY INC., )
)
    Defendant. )

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement (hereinafter, including all exhibits attached hereto and/or provided for herein referred to collectively as the "Settlement Agreement") is entered into between Dorsey Reirdon, on behalf of himself and all others similarly situated ("Plaintiff"), and XTO Energy Inc. ("Defendant"). Plaintiff and Defendant are collectively referred to as the "Parties." The settlement contemplated by this Settlement Agreement is conditioned upon the terms and conditions set forth in this Settlement Agreement, including but not limited to the Court (1) approving this Settlement Agreement without material alteration; and (2) entering the orders and judgments upon which this Settlement Agreement is conditioned, as more fully described below:

### W I T N E S S E T H :

WHEREAS, the above-styled action (the "Litigation") was originally filed on January 29, 2016, with the filing of Plaintiff's Original Petition against Defendant in the District Court of Marshall County, State of Oklahoma (the "Petition");

WHEREAS, Defendant removed the Litigation to the United States District Court for the Eastern District of Oklahoma, under the Class Action Fairness Act of 2005, claiming diversity

jurisdiction under 28 U.S.C. § 1332(d) and that the amount in controversy exceeded $5,000,000.00, exclusive of interest and costs;

WHEREAS, the case was assigned to United States Magistrate Judge Steven P. Shreder of the Eastern District of Oklahoma and pursuant to an election of the District Judge Option in accordance with Local Rule 40.1(c), the case was reassigned to United States District Judge James H. Payne;

WHEREAS, Judge Payne reassigned the case to Judge J. Thomas Marten of the District of Kansas, serving in this case by designation pursuant to 28 U.S.C. §292(b);

WHEREAS, Judge Marten reassigned the case to Magistrate Judge Kimberly E. West following consent of the parties to proceed before a United States Magistrate Judge in accordance with 28 U.S.C. §636(c) and Fed. R. Civ. P. 73;

WHEREAS, Plaintiff has made certain claims against Defendant, as more fully described in Plaintiff's Original Petition;

WHEREAS, Plaintiff and Plaintiff's Counsel have prosecuted the Litigation for more than 1.5 years, which has included discovery of documents and data, motion practice, depositions, research, accounting review and analysis, consultation by and with experts, settlement negotiations among counsel, damage modeling, and other investigations and preparation;

WHEREAS, Plaintiff and Plaintiff's Counsel acknowledge that, during the course of their prosecution of the Litigation, they have received, examined, and analyzed information, documents, materials, and testimony they deem necessary and appropriate to enable them to enter into this Settlement Agreement on a fully-informed basis, and after such examination and analysis, and based on the experience of Plaintiff's Counsel and their experts and consultants,

Plaintiff and Plaintiff's Counsel have concluded that the terms and conditions of this Settlement Agreement are fair, reasonable, adequate and in the best interests of the Settlement Class and Plaintiff;

WHEREAS, Plaintiff agreed to settle the claims asserted against Defendant in the Litigation pursuant to this Settlement Agreement after considering: (i) the substantial benefits Class Members will receive from resolution of such claims, (ii) the risks of litigating those claims, and (iii) the desirability of permitting the Settlement to be consummated as provided by the terms of this Settlement Agreement;

WHEREAS, Defendant agrees that further prosecution and defense of the claims against it in this Litigation would be protracted and expensive, has taken into account the uncertainty and risks inherent in any such litigation, and has determined that it is desirable to compromise and settle the claims against it in the Litigation;

WHEREAS, Defendant has adamantly denied, and continues to deny, Plaintiff's claims against it and any and all liability to Plaintiff and the Settlement Class, and has vigorously defended against those claims; and

WHEREAS, Defendant enters into this Settlement Agreement without admitting any liability whatsoever, and solely to avoid further expense, inconvenience, and the disruption of defending against the claims asserted against it in the Litigation and to be completely free of any further controversy with respect to the claims that were asserted or could have been asserted against it in the Litigation, as more fully described herein.

NOW THEREFORE, in consideration of the payments, mutual promises, agreements, undertakings, releases, and other terms and provisions of this Settlement Agreement, the sufficiency of which is hereby acknowledged by all parties hereto, Defendant and Plaintiff, on

behalf of himself and the Settlement Class, stipulate and agree as follows, subject to the approval of the Court, without admission of any liability or wrongdoing, and in consideration of the benefits set forth herein, that all Released Claims (defined below) shall be fully, finally and forever compromised, settled, released and discharged and the Litigation shall be dismissed with prejudice, upon and subject to the following terms and conditions.

## 1.  DEFINITIONS

As used throughout this Settlement Agreement, the Supplemental Agreements, the Initial Plan of Allocation, and the Final Plan of Allocation, the following phrases and words will be given the meanings set forth below:

1.1  **"Administration, Notice, and Distribution Costs"** means the reasonable and necessary fees, costs and expenses charged by the Settlement Administrator (or any consultant retained by the Settlement Administrator with Defendant's approval) for fees, costs, and expenses generated or incurred in the administration, distribution, and notification of the Settlement, including: (a) fees, costs, and expenses of identifying the names, addresses and tax identification numbers of Class Members (to the extent not contained in the records provided by Defendant under paragraph 3.3 below); (b) fees, costs, and expenses incurred to publish and mail the Notice of Settlement to the Settlement Class (such as the cost to print the Notices of Settlement, mail the Notices of Settlement, and publish the Notices of Settlement pursuant to the Plan of Notice); (c) fees, costs, and expenses to prepare, issue, and mail (and re-issue and re-mail, if necessary) the Distribution Checks to the Settlement Class; (d) fees, costs, and expenses to provide a reconciliation of the final amount of Residual Unclaimed Funds; (e) fees, costs, and expenses to calculate the amount each Class Member will receive under the Initial Plan of Allocation; and (f) fees, costs, and expenses to calculate the amount each Class Member who

does not timely and properly submit a Request for Exclusion will receive under the Final Plan of Allocation. Administration, Notice, and Distribution Costs also includes the costs described in (a) through (f) above incurred by Plaintiff's Counsel and/or Plaintiff associated with experts, consultants or other personnel retained for purposes of administration, distribution, and notification. Defendant shall bear the Administration, Notice, and Distribution Costs up to $750,000. Subject to Court approval, any Administration, Notice, and Distribution Costs over $750,000 will be paid from the Gross Settlement Fund.

      1.2    **"Allocation Methodology"** means the methodology Plaintiff proposes to use to calculate the amount of the Net Settlement Fund to be sent to each Class Member who does not timely and properly submit a Request for Exclusion or who is not otherwise excluded from the Settlement Class by order of the Court.

      1.3    **"Case Contribution Award"** means the award ordered by the Court, if any, to Plaintiff for its time, expense, and participation in this Litigation and in representing the Settlement Class.

      1.4    **"*Chieftain*-Related Claims"** are the claims asserted in the complaint filed by Chieftain Royalty Company against XTO on December 17, 2010 in Coal County, Oklahoma and pending in *Chieftain Royalty Company v. XTO Energy Inc.*, Case No. CIV-11-29-JTM-SPS, pending in the Eastern District of Oklahoma ("*Chieftain*") for statutory interest on the amounts of royalty on gas and gas constituents (helium, residue gas, natural gas liquids, nitrogen, and condensate) produced from Oklahoma wells that XTO allegedly underpaid by (1) deducting direct and indirect fees for marketing, gathering, compression, dehydration, processing, treatment, and other similar services; (2) not paying royalty on wellhead gas that was used off the lease premises or in the manufacture of products; and (3) not paying royalty on condensate

that dropped out of the gas stream. Any claim asserted in *Chieftain* that is identical to the claims asserted by Plaintiff in the Litigation is not a *Chieftain*-Related Claim.

      1.5    **"Claim Period"** means between January 1, 2009 and December 31, 2017.

      1.6    **"Class Member"** is a person or entity who belongs to the Settlement Class.

      1.7    **"Court"** means the Honorable Kimberly E. West, United States District Court for the Eastern District of Oklahoma, serving by consent pursuant to 28 U.S.C. §636(c).

      1.8    **"Defendant"** means XTO Energy Inc.

      1.9    **"Defendant's Counsel"** means the law firms of: (a) Winstead PC and (b) Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.

      1.10    **"Distribution Check"** means a check payable to a Class Member who does not timely and properly submit a Request for Exclusion, or who is not otherwise excluded from the Settlement Class by order of the Court, for the purpose of paying that Class Member's share of the Net Settlement Fund pursuant to the Allocation Methodology.

      1.11    **"Effective Date"** means the first date by which all of the events and conditions specified in paragraph 9.3 below have occurred.

      1.12    **"Escrow Account"** means an account maintained by the Escrow Agent.

      1.13    **"Escrow Agent"** means the escrow agent appointed and approved by the Court.

      1.14    **"Escrow Agreement"** means the agreement(s) between Plaintiff's Counsel (on behalf of Plaintiff and the Settlement Class), Defendant, and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account in accordance with this Settlement Agreement. The Escrow Agreement shall be in the form agreed to by the Parties.

      1.15    **"Final and Non-Appealable"** means:

(a)     The expiration of the time for filing a motion to extend the deadline for filing a notice of appeal if (i) no appeal is taken from the Judgment and (ii) no original action is filed in any court challenging or seeking reconsideration, modification, or vacation of the Judgment, or otherwise seeking to interfere with or evade provisions of this Settlement Agreement;

(b)     If an appeal is taken from the Judgment and either the Judgment appealed is affirmed in full or the appeal is dismissed, the earlier of the following, whichever applies: (i) the expiration of the time for filing a petition for writ of certiorari, if no petition is filed; (ii) the expiration of the time for rehearing of the denial or dismissal of such a petition for writ of certiorari; or (iii) the expiration of the time for seeking rehearing of the Supreme Court's affirmance of such affirmance or dismissal; or

(c)     If any original action described in paragraph 1.15(a) is filed and that action results in a final order or judgment by the court in which it was commenced that does not alter the Judgment, the date on which that order or judgment has itself become final is no longer subject to further review in any court and the conditions of subparagraphs (a) or (b), as applicable, are satisfied with respect to such final order or judgment.

1.16    **"Final Fairness Hearing"** means the hearing set by the Court under Federal Rule of Civil Procedure 23(e)(2) to consider final approval of the Settlement.

1.17    **"Final Plan of Allocation"** means the final calculation of the Distribution Check that will be sent to each Class Member who has not timely and properly submitted a Request for Exclusion or otherwise been excluded from the Settlement Class by order of the Court.

1.18    **"Future Benefits"** means the future benefits provided by Defendant, which are set forth in Section 2.4 below.

1.19 **"Gross Settlement Fund"** means the total cash amount of $20,000,000, to be paid by Defendant. Although Defendant will pay the money into the Escrow Account, the Gross Settlement Fund does not include those Administration, Notice and Distribution Costs (as defined above), up to $750,000 of which shall be paid by Defendant.

1.20 **"Initial Plan of Allocation"** means the Plan of Allocation using the Allocation Methodology as applied to (i) the Settlement Class before any Class Members are excluded from the Settlement by timely and properly submitting Requests for Exclusion or other order of the Court and (ii) the estimated Net Settlement Fund, assuming (a) no Class Members file Requests For Exclusion (or are otherwise excluded from the Settlement Class by the Court) and (b) the Court approves the amount of attorneys' fees and Litigation Costs requested by Plaintiff's Counsel and the Case Contribution Award requested by Plaintiff.

1.21 **"Judgment"** means the Order Approving Class Action Settlement and Judgment finally approving the Settlement between the Settlement Class and Defendant, which shall include provisions substantially the same as those set forth in paragraph 3.7 below and be in substantially the same form as Exhibit 2.

1.22 **"Litigation"** is separately defined on page 1 of this Settlement Agreement.

1.23 **"Litigation Expenses"** means the reasonable costs and expenses incurred by Plaintiff's Counsel in commencing and prosecuting the Litigation.

1.24 **"Net Settlement Fund"** means the Gross Settlement Fund less: (1) Plaintiff's Attorneys' Fees and Litigation Expenses, (2) any Case Contribution Award awarded by the Court; (3) any Administration, Notice, Distribution Costs in excess of the $750,000 to be paid by Defendant; (4) any other costs and expenses that the Court orders to be deducted from the Gross Settlement Fund; and (5) the amount of money attributable to Class Members who timely and

properly submitted Requests for Exclusion or who were otherwise excluded from the Settlement Class by order of the Court.

1.25　**"Notice of Settlement"** means the notice in substantially the same form as Exhibit 3 attached hereto, which will be mailed to any potential Class Members, and the notice in substantially the same form as Exhibit 4 attached hereto, which will be published in accordance with the Plan of Notice.

1.26　**"Parties"** is separately defined on page 1 of this Settlement Agreement.

1.27　**"Petition"** is separately defined on page 1 of this Settlement Agreement.

1.28　**"Plaintiff"** is separately defined on page 1 of this Settlement Agreement.

1.29　**"Plaintiff's Attorneys' Fees"** means the fees awarded by the Court to Plaintiff's Counsel with respect to their work on the Litigation.

1.30　**"Plaintiff's Counsel"** means the law firms of: (a) Nix, Patterson & Roach, LLP; (b) Ryan Whaley PLLC; (c) Whitten Burrage; and (d) Richards & Connor, PLLP.

1.31　**"Plan of Notice"** means the process described in paragraph 3.5 below for sending and publishing the Notice of Settlement.

1.32　**"Preliminary Approval Order"** means the order in substantially the form attached hereto as Exhibit 1 to be entered by the Court preliminarily approving the Settlement, certifying the class for settlement purposes only, and directing that Notice of Settlement be provided to the Settlement Class as set forth therein.

1.33　**"Released Claims"** include all claims under Oklahoma law that the Releasing Parties may have against the Released Parties related solely to underpaid and unpaid statutory interest on royalty payments and overriding royalty payments made by Defendant (or any person or entity making royalty or overriding royalty payments on behalf of Defendant) during the

Claim Period that were allegedly late according to the time periods set forth in the Production Revenue Standards Act, 52 Okl. St. §570.1, *et seq.* (the "PRSA"). Without limiting the foregoing, the Released Claims include any and all causes of action, choses in action, demands, debts, obligations, duties, liens, liabilities, and theories of liability and recovery of whatsoever kind and nature, whether based in contract or tort, whether arising in equity or under the common law, whether by statute or regulation, whether known or unknown, whether asserted by the Settlement Class in the past, present, or future, and whether contingent, prospective, or matured, whether for actual or punitive damages relief, interest, injunctive relief, declaratory relief, equitable relief, or any other type of relief, that are, were, or could have been asserted in the Litigation and relate to underpaid and unpaid statutory interest on royalty payments and overriding royalty payments made by Defendant (or any person or entity making royalty or overriding royalty payments on behalf of Defendant) during the Claim Period where such payments were allegedly late under the PRSA. The Released Claims specifically include all claims that a Releasing Party could make with regard to: (1) any failure to pay or delay in paying statutory interest on royalty payments and overriding royalty payments that the Releasing Party asserts were made outside the time periods set forth in the PRSA; (2) any payment of statutory interest the Releasing Party contends was less than the amount of statutory interest due under the PRSA; (3) any requirement that a request from a payee be made prior to paying statutory interest under the PRSA (or any delay in paying statutory interest until a request was made); (4) any misrepresentation and/or omission regarding the amount of statutory interest owed to a Class Member; and (5) any breach of the PRSA, actual fraud, constructive fraud, deceit, unjust enrichment/disgorgement, accounting, actual damages, punitive damages, and injunctive relief, insofar as any such claim arises from any underpaid and unpaid statutory

interest on royalty payments and overriding royalty payments made by Defendant (or any person or entity making royalty or overriding royalty payments on behalf of Defendant) where such payments were allegedly late under the PRSA.

The Released Claims do not include claims related to royalty or overriding royalty payments made outside of the Claim Period. The Released Claims also specifically do not include: (a) claims for statutory interest on routine prior period adjustments made outside of the Claim Period that were caused by any volumetric adjustments, value adjustments, or mathematical errors that were made by Defendant; (b) claims that Defendant breached obligations to Class Members to develop Oklahoma oil and gas leases and failure to prevent offset drainage; and (c) claims for statutory interest allegedly owed on any unclaimed royalty payments Defendant has submitted to the State of Oklahoma pursuant to the Uniform Unclaimed Property Act or to any other state under a similar statute.

In addition, a Class Member's Released Claims do not include the *Chieftain*-Related Claims. This provision regarding the *Chieftain*-Related Claims is subject to the express understanding of the Parties that it does not apply to the extent the *Chieftain*-Related Claims or the damages sought in *Chieftain* are the same as those asserted or sought in the Litigation. Stated another way, in the event the claims asserted or damages sought in the Litigation and those asserted or sought in *Chieftain* are the same, then all such claims or damages are included in this Settlement Agreement as a Released Claim.

1.34 **"Released Parties"** means Defendant; its predecessors, successors, heirs, assignors, and assignees; any person or entity who made royalty payments or overriding royalty payments on behalf of Defendant or its predecessors, successors, heirs, and assigns; and any past and present affiliates, directors, officers, employees, attorneys, agents, consultants, servants,

stockholders, members, representatives, subsidiaries, and affiliates of the foregoing persons or entities.

1.35 **"Releasing Parties"** means the Class Member; its predecessors, successors, heirs, assignors, and assignees; and any past and present affiliates, officers, employees, attorneys, agents, consultants, servants, stockholders, members, representatives, subsidiaries, and affiliates of such persons or entities.

1.36 **"Request for Exclusion"** means any request for exclusion from the Settlement Class pursuant to Federal Rule of Civil Procedure 23 that meets the requirements set by the Court for exclusion.

1.37 **"Residual Unclaimed Funds"** means any portion of the Net Settlement Fund that has not been deposited or cashed by a Class Member, including but not limited to (i) the total amount of Distribution Checks sent to Class Members who later cannot be located by the Settlement Administrator through reasonable efforts (as described in paragraph 6.9 below), along with any interest and returns that accrue on such amounts during the time they are in the Escrow Account; (ii) the amount of Distribution Checks sent to Class Members that are voided because they are not cashed or deposited within the time specified on the Distribution Check, along with any interest and returns that accrue on such amounts during the time they are in the Escrow Account; and (iii) any interest or returns that accrue on the amount refunded to Defendant pursuant to paragraph 1.1 of Supplemental Agreement 1 during the time that amount is in the Escrow Account.

1.38 **"Settlement"** means the Parties' agreement to resolve the Litigation as described in the Settlement Agreement and Supplemental Agreements.

1.39   **"Settlement Administrator"** means the person or entity who is approved and appointed by the Court to administer the Settlement.

1.40   **"Settlement Class"** shall mean the below-described class that the Parties have agreed should be certified for settlement purposes only pursuant to the entry of the Preliminary Approval Order to be entered by the Court in the same form attached hereto as Exhibit 1. The Settlement Class is to be specifically defined as follows:

> All non-excluded persons or entities who between January 1, 2009 and October 31, 2017 received royalty and/or overriding royalty payments from Defendant (or Defendant's designee) for oil and gas production proceeds from oil and gas wells in Oklahoma.

> The persons or entities excluded from the class are: (1) persons or entities who have received only working interest payments during the Claim Period; (2) agencies, departments, or instrumentalities of the United States of America and the State of Oklahoma; (3) publicly traded oil and gas companies and their affiliates; (4) persons or entities that Plaintiff's Counsel are prohibited from representing under Rule 1.7 of the Oklahoma Rules of Professional Conduct, including, but not limited to, Charles David Nutley and Danny George (who Plaintiff's Counsel cannot represent because such representation would create a concurrent conflict of interest); and (5) officers of the Court.

The term "Settlement Class" includes both owners of royalty interests and overriding royalty interests.

1.41   **"Supplemental Agreement 1"** means the supplemental agreement between the Parties regarding possible termination of the Settlement if a certain amount of Class Members timely and properly submit Requests for Exclusion from the Settlement Class.

1.42   **"Supplemental Agreement 2"** means the supplemental agreement between the Parties regarding the timing for the Escrow Agent to pay Plaintiff's Attorneys' Fees and Litigation Expenses pursuant to paragraph 7.2 below.

1.43   **"Supplemental Agreements"** refers to Supplemental Agreement 1 and Supplemental Agreement 2, collectively.

## 2.    CONSIDERATION

2.1    The Parties agree to settle the Litigation as set forth in the Settlement Agreement and Supplemental Agreements. In exchange for Plaintiff's releases, covenants and agreements in the Settlement, both on his behalf and on behalf of the Class Members, Defendant agrees to (i) pay the Gross Settlement Fund; (ii) pay up to $750,000 in Administration, Notice, and Distribution Costs; and (iii) provide the Future Benefits.

2.2    Defendant shall pay or cause to be paid the Gross Settlement Fund and $750,000 to be used for Administration, Notice, and Distribution Costs into the Escrow Account within 30 business days after the later of: (i) entry of the Preliminary Approval Order; (ii) receipt by Defendant of information from Plaintiff necessary to effectuate a transfer of funds, including wiring instructions to include the bank name and ABA routing number, account name and number, and a signed W-9 reflecting a valid taxpayer identification number for the qualified settlement fund in which the Escrow Account has been established; or (iii) execution by Plaintiff's Counsel, Defendant, and the Escrow Agent of the Escrow Agreement. After the date on which Defendant pays the Gross Settlement Fund into the Escrow Account, neither Defendant nor Defendant's Counsel has any further liability to Plaintiff, Plaintiff's Counsel, or the Settlement Class with respect to the Gross Settlement Fund or its administration, including but not limiting to any distributions made by the Escrow Agent or Settlement Administrator. If Defendant fails to pay the amount of the Gross Settlement Fund into the Escrow Account within the time specified above, beginning on the date on which the payment is due, such amount will accrue interest at the effective federal funds rate, as posted by the Federal Reserve Bank of New York on the first business day of the calendar year in which the payment is due.

2.3    The Parties agree that the settlement of the Released Claims is supported by adequate consideration reflecting the cash sum of $20,000,000 to be paid by Defendant into the

Gross Settlement Fund; the Future Benefits; Defendant's payment of up to $750,000 in Administration, Notice, and Distribution Costs; and Defendant's agreements, releases, and covenants herein.

2.4     Defendant agrees to provide the following Future Benefits to the Class Members who do not timely and properly submit a Request for Exclusion or who are not otherwise excluded from the Settlement Class by order of the Court:

STIPULATION FOR THE FUTURE PAYMENT OF STATUTORY INTEREST:

> Commencing on the later of (i) December 31, 2017 or (ii) the Effective Date and continuing unless or until there is a change in the law, Defendant will implement new procedures and policies for paying statutory interest to royalty interest owners and overriding royalty interest owners in Oklahoma without awaiting a request for such statutory interest.

2.5     The Class Members who participate in the Settlement agree, in exchange for their respective shares of the Net Settlement Fund, Future Benefits and the performance of the other obligations and duties of Defendant as set forth herein, to give the Mutual Release, Dismissal and Covenant Not to Sue described in Section 4, below, and the other valuable consideration provided herein. Plaintiff estimates the Future Benefits have a net present value of at least $20,000,000.00 to the Settlement Class. Defendant will not take any position regarding Plaintiff's estimated value of the Future Benefits submitted to the Court. Plaintiff, the Settlement Class, and Defendant agree that, if the actual financial benefit described in the Future Benefits differs from the estimate provided by Plaintiff or Plaintiff's Counsel, there shall be no claim regarding that estimate against Defendant, Defendant's Counsel, any Class Member, Plaintiff's Counsel, Plaintiff or any of their successors and assigns.

## 3. PLAN OF NOTICE AND COURT APPROVALS

3.1    No later than 30 days from and after the date this Settlement Agreement is executed by the Parties, Plaintiff will file a motion with the Court seeking preliminary approval of the Settlement, which shall include the proposed Preliminary Approval Order, in the form attached hereto as Exhibit 1, which will, *inter alia*:    (a) certify the Settlement Class for the purposes of this Settlement only; (b) preliminarily approve this Settlement Agreement and the Supplemental Agreements; (c) approve of the Notice of Settlement and Plan of Notice; and (d) direct the Settlement Administrator to provide the Notice of Settlement to the Settlement Class in accordance with the Plan of Notice or in any other manner the Court may direct in accordance with Federal Rule of Civil Procedure 23.

3.2    Plaintiff will request that the Court enter the Preliminary Approval Order no later than 45 days after the date the Parties execute this Settlement Agreement (unless the Court requires a later date).

3.3    Within 30 days of the date this Settlement Agreement has been executed by all Parties, Defendant shall provide Plaintiff's Counsel in electronic format: (i) the royalty and overriding royalty payment history data for payments made by Defendant (or by Ringwood Gathering Company on Defendant's behalf) between January 1, 2009 and August 31, 2017 for wells located in Oklahoma and (ii) a list of the non-affiliated persons or entities who paid royalty or overriding royalty on Defendant's behalf between January 1, 2009 and August 31, 2017 for wells located in Oklahoma.  As soon as possible after entry of the Preliminary Approval Order, and in no event more than 30 days after entry of the Preliminary Approval Order, Defendant shall provide Plaintiff's Counsel in electronic format: (i) the royalty and overriding royalty payment history data for payments made by Defendant (or by Ringwood Gathering Company on Defendant's behalf) between August 31, 2017 and October 31, 2017 for wells located in

Oklahoma, including the names, last known addresses, and taxpayer identification numbers of persons or entities receiving those payments; (ii) a list of payments of Oklahoma statutory interest previously made by Defendant relating to royalty payments or overriding royalty payments made between January 1, 2009 and October 31, 2017. Additionally, by January 30, 2018, Defendant shall provide Plaintiff's Counsel in electronic format: (i) the royalty and overriding royalty payment history data for payments made by Defendant (or by Ringwood Gathering Company on Defendant's behalf) between October 31, 2017 and December 31, 2017.

    3.4    After the Preliminary Approval Order is entered and prior to sending the Notice of Settlement, the Settlement Administrator shall make reasonable efforts to: (a) verify the last-known addresses of potential Class Members provided by Defendant pursuant to paragraph 3.3 and (b) locate current addresses of any potential Class Members for whom Defendant has not provided an address.

    3.5    Within 45 days after entry of the Preliminary Approval Order or as soon as ordered by the Court, the Settlement Administrator will mail (or cause to be mailed) the Notice of Settlement by first class mail to all potential Class Members who have been identified after reasonable efforts to do so. The Notice of Settlement will be mailed to potential Class Members using the royalty and overriding royalty payment history data and suspense data described in paragraph 3.3 above and any updated addresses found by the Settlement Administrator. Within 10 days after mailing the first Notice of Settlement, the Settlement Administrator also shall publish (or cause to be published) the summary Notice of Settlement one time in each of the following newspapers: (1) *The Oklahoman*, a paper of general circulation in Oklahoma; (2) *The Tulsa World*, a paper of general circulation in Oklahoma; (3) *The Daily Armoreite*, a paper of local circulation; (4) *The Fairview Republican*, a paper of local circulation; (5) *The McAlester*

*News Capital & Democrat*, a paper of local circulation; and (6) the *Holdenville Tribune*, a paper of local circulation. Within 10 days after mailing the first Notice of Settlement and through the Final Fairness Hearing, the Settlement Administrator will also display (or cause to be displayed) on an Internet website dedicated to this Settlement the following documents: (1) the Notice of Settlement, (2) the Petition and Answer, (3) this Settlement Agreement, and (4) the Preliminary Approval Order. Neither Defendant, Defendant's Counsel, Plaintiff, the Settlement Class, nor Plaintiff's Counsel shall have any liability for failure of the Notice of Settlement to reach any Class Member.

3.6    At its sole expense, Defendant shall issue the notice of settlement(s) contemplated by the Class Action Fairness Act of 2005 ("CAFA") in accordance with the deadlines provided by CAFA. Any failure or delay by Defendant to timely issue any CAFA notice shall not be sufficient reason to delay or continue the Final Fairness Hearing. The Final Fairness Hearing shall be scheduled for a date that will allow for the notice requirement of CAFA to be satisfied.

3.7    No later than 28 calendar days prior to the Final Fairness Hearing, if the Settlement has not been terminated pursuant to this Settlement Agreement or Supplemental Agreement 1, Plaintiff's Counsel and Plaintiff shall move for:   (a) final approval of the Settlement pursuant to Federal Rule of Civil Procedure 23(e); (b) entry of a Judgment in substantially the same form as Exhibit 2; (c) final approval of the Allocation Methodology and Initial Plan of Allocation; and (d) attorneys' fees, reimbursement of Litigation Expenses, and/or a Case Contribution Award. After Notice of Settlement is given in the manner directed by the Court, the Parties will request the Court to hold a Final Fairness Hearing as described in the Notice of Settlement, and to then enter Judgment, and specifically approving all terms and provisions of the Settlement, including the Allocation Methodology and Final Plan of Allocation;

provided however that Defendant will take no position on the Allocation Methodology (or any Plan of Allocation implementing the Allocation Methodology). The Judgment shall include substantially the following provisions:

(a)  Approve the Settlement between the Settlement Class and Defendant embodied in this Settlement Agreement, including any Allocation Methodology, as fair, reasonable and adequate to each Class Member within the meaning of Federal Rule of Civil Procedure 23;

(b)  Dismiss all Plaintiff's claims in the Litigation with prejudice, but retain continuing jurisdiction to enter any orders necessary to enforce the terms of the Settlement Agreement, including the administration of the Settlement and/or entry of injunctive or other relief to enforce, implement, administer, construe and interpret the Settlement Agreement;

(c)  Adjudge that the Class Members who participate in this settlement have conclusively released all the Released Claims that the Releasing Parties have against all Released Parties and likewise adjudge that Released Parties have released any Released Claims against the Releasing Parties;

(d)  Bar and permanently enjoin all Class Members who have not timely and properly submitted a Request for Exclusion or are not excluded from the Settlement Class by order of the Court from prosecuting, commencing, or continuing any of the Released Claims against the Released Parties;

(e)  Find that the Settlement is fair, reasonable and adequate and was entered into between Defendant and the Settlement Class in good faith and without collusion;

(f)  Find that, by agreeing to settle the Released Claims, Defendant does not admit, and specifically denies, any and all liability to the Settlement Class, Plaintiff and Plaintiff's Counsel;

(g)  Find that the Notice has been given as required by law, that all statutory and constitutional requirements have been met, and further, that the Class Members have been afforded a reasonable opportunity to opt out of or object to the Litigation and Settlement;

(h)  Order any Class Member who receives a Distribution Check that he/she is not legally entitled to receive to either (1) pay the appropriate portion(s) of the Distribution Check to the person(s) legally entitled to receive such portion(s) or (2) return the Distribution Check uncashed to the Settlement Administrator;

(i)  Find and determine that there is no just reason to delay the finality of the Judgment and Order and expressly direct the filing of the Judgment as a Judgment and Order; and

(j)  Order that the Settlement may never be used for any purpose in any subsequent litigation against Defendant or any other Released Party other than to enforce the terms of this Settlement Agreement.

## 4. MUTUAL RELEASE, DISMISSAL AND COVENANT NOT TO SUE

4.1    Upon the Effective Date, the Released Parties, individually and collectively, shall be fully, finally and forever released from the Released Claims of the Class Members and other Releasing Parties who are not excluded from the Settlement Class by virtue of a timely and properly submitted Request for Exclusion or other Court order, and such Releasing Parties shall be enjoined from asserting or prosecuting any Released Claims against any Released Parties.

4.2    Upon the Effective Date, Defendant, on behalf of itself and the Released Parties, individually and collectively:  (a) shall be deemed by operation of law to have fully, finally and forever released, relinquished, waived, discharged and dismissed any and all claims against Plaintiff and the Settlement Class related to any payment of statutory interest made by Defendant prior to the Effective Date; (b) shall be enjoined from asserting or prosecuting any such claims against same; and (c) agree and covenant not to sue Plaintiff, Plaintiff's Counsel, or the Settlement Class for any and all claims related to any payment of statutory interest made by Defendant prior to the Effective Date.

4.3    Upon the Effective Date and for the consideration provided for herein, each and every Class Member who participates in the Settlement (i) agrees and covenants that, in addition to the foregoing release of the Released Claims, he or she shall not, at any time, directly or indirectly, on the Class Member's behalf or through others, sue, instigate, institute, or assert against the Released Parties any claims or actions on or concerning the Released Claims based in whole or in part on any facts existing during in the Claim Period and (ii) acknowledges that the foregoing covenant shall apply and have effect by virtue of this Settlement Agreement and by operation of the Judgment.   Each Class Member who participates in the Settlement and Plaintiff's Counsel further agree and acknowledge that the covenants not to sue provided for in

this paragraph are made to inure to the benefit of, and are specifically enforceable by, each of the Released Parties.

4.4     Upon the Effective Date, Plaintiff and the Settlement Class (with Court approval) will move to dismiss all claims in the Litigation with prejudice. However, any continuing obligations arising from the Settlement shall survive any partial or later complete dismissal of the Litigation until they are determined by the Court to have been fully performed, and the Court, along with any appellate court with power to review the Court's orders and rulings in the Litigation, will retain exclusive and continuing jurisdiction over this Litigation for purposes of enforcing this Settlement Agreement and any issues associated therewith.

## 5.     ESCROW ACCOUNT AND PAYMENT OF TAXES

5.1     All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Settlement Agreement and/or further order of the Court. Unless otherwise agreed to in writing between Defendant and Plaintiff's Counsel, the Escrow Agent shall invest any funds in excess of U.S. $100,000 in United States Treasury Bills having maturities of 90 days or less, or money market mutual funds comprised of investments secured by the full faith and credit of the United States Government, or an account fully insured by the United States Government Federal Deposit Insurance Corporation (FDIC).Any funds held in escrow in an amount of less than U.S. $100,000 may be held in an interest-bearing account insured by the FDIC or money market mutual funds comprised of investments secured by the full faith and credit of the United States Government or fully insured by the United States Government. All risks related to the investment of the Gross Settlement Fund shall be borne by the Gross Settlement Fund.

5.2    The Parties agree that the Gross Settlement Fund is intended to be a qualified settlement fund within the meaning of Treasury Regulation § 1.468B-1 and that the Settlement Administrator, as administrator of the Escrow Account within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for timely filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)). All taxes on the income earned on the funds in the Escrow Account shall be paid out of the Escrow Account as provided herein and pursuant to the disbursement instructions set forth in the Escrow Agreement. The Settlement Administrator shall also be solely responsible for causing payment to be made from the Gross Settlement Fund of any taxes owed with respect to the Gross Settlement Fund. The Settlement Administrator, as administrator of the Gross Settlement Fund within the meaning of Treasury Regulation §1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the qualified settlement fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

5.3    Any tax returns prepared for the Gross Settlement Fund (as well as the election set forth therein) shall be consistent with the Settlement Agreement and in all events shall reflect that all taxes (including any interest or penalties) on the income earned by the Gross Settlement Fund shall be paid out of the Gross Settlement Fund as provided herein. The Gross Settlement Fund shall indemnify and hold all Released Parties, Defendant, Defendant's Counsel, and Plaintiff's Counsel harmless for any taxes and related expenses of any kind whatsoever

(including without limitation, taxes payable by reason of any such indemnification) on income earned while the Gross Settlement Fund (or any portion thereof) is in the Escrow Account. The Parties shall notify the Escrow Agent promptly if they receive any notice of any claim for taxes relating to the Gross Settlement Fund.

5.4 All income taxes, if any, incurred on the part of the Class Members in connection with the implementation of this Settlement Agreement shall be reported and paid by the individual Class Members to the extent of their individual tax liability on proceeds they individually receive. Except for any amounts withheld for tax purposes by the Settlement Administrator, the individual Class Members are solely responsible for the payment of any taxes attributable to payments to them under this Settlement Agreement. Plaintiff, Plaintiff's Counsel, Defendant, Defendant's Counsel, the Gross Settlement Fund, the Settlement Administrator shall have no responsibility or liability whatsoever for any such payments. Defendant, Defendant's Counsel, and the Class Members will bear no responsibility for any taxes due on Plaintiff's Attorney's Fees or any reimbursement of Litigation Expenses and such taxes will not be paid from the Escrow Account. Plaintiff is responsible for any taxes due on any Case Contribution Award.

5.5 All distributions shall be subject to any required federal or state income tax withholding, which the Settlement Administrator shall be entitled to withhold and pay to the appropriate taxing authorities. The Settlement Administrator shall provide IRS Form 1099s or other explanations of payments to Class Members sufficient to allow Class Members to know that proper tax payments have been or can be made or to allow them to submit requests for refunds. In the event Distribution Checks are not cashed or are returned to the Settlement Administrator, such that the Class Members do not receive payment of the amounts distributed,

the Settlement Administrator shall make reasonable efforts to identify a correct address for such Class Members and shall request a refund to the taxing authority to whom any withheld taxes were paid on behalf of the Class Member who did not receive payment.

5.6     To the extent an appropriate taxing authority determines that any severance or other taxes or assessments, including applicable interest or penalties, may be due and payable by the Class Members on all or any portion of the Gross Settlement Fund and provides notice of such determination to the Parties or the Settlement Administrator, then the Settlement Administrator shall give written notice to the Class Members of such assessment, determination, or other inquiry by the taxing authority, as soon as reasonably practicable, so that the Class Members may have the opportunity to contest such an assessment. The Parties agree that Defendant, Defendant's Counsel, and Plaintiff's Counsel have no responsibility or liability for any severance taxes or other taxes that may be due on the amounts disbursed to the Class Members from the Escrow Account.

5.7     In the event Defendant is required to pay any such taxes or assessments attributable to the Class Members, including any applicable interest or penalties, Defendant shall be entitled to recover from each Class Member that portion of such taxes or assessments, interest, and penalties attributable to the portion of the Net Settlement Fund allocated to such Class Member by any lawful means available to Defendant, including deduction or offset from any future royalty payments to the Class Member. Defendant shall also be entitled to immediately recover any such taxes from the Residual Unclaimed Funds. Plaintiff's Counsel shall not have any responsibility or liability whatsoever for any taxes or assessments, interest, or penalties on amounts distributed to a Class Member. Plaintiff shall not

have any responsibility or liability whatsoever for any taxes or assessments, interest, or penalties on amounts distributed to another Class Member.

5.8    Plaintiff and Defendant agree that at this time they do not know what, if any, taxes or assessments are due on the Gross Settlement Fund. Before distribution of any funds to the Class Members, Plaintiff and Plaintiff's counsel will make a reasonable determination, based upon other similar class action settlements, whether any taxes are owed on behalf of the Class as a result of settlement, make a reasonable estimate of any such amount, if any, and pay such reasonable estimated amount of taxes should they be due. Any such payment will be made with Court approval from the Gross Settlement Fund prior to final calculation of the distributions to Class Members. Plaintiff, Plaintiff's Counsel, Defendant, Defendant's Counsel, and the Settlement Administrator shall have no liability whatsoever for such tax payments. Distribution of the Net Settlement Fund is authorized to proceed once the Court has entered an order authorizing payment (if any) for such taxes and after such payment has been made. Defendant will have no input in determining the amount of taxes payable by the Settlement Class or how the taxes will be paid from the Gross Settlement Fund and likewise will not be bound in any respect by such determination or be attributed with any agreement as to whether the taxes paid by the Settlement Class are due or payable.

5.9    The Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the maintenance, investment, or distribution of the Net Settlement Fund, the establishment or maintenance of the Escrow Account, the payment or withholding of any taxes, or any other expenses or losses in connection with such matters.

5.10    Before making any distribution from the Escrow Account, the Settlement Administrator and/or Plaintiff's Counsel must request and receive approval from the Court. The

request for distribution shall include the amount of the distribution, a breakdown of the line items included in the proposed distribution, and any supporting documents necessary for the Court to verify that the amount comports with the terms of the Settlement and any applicable Court order.

## 6. CLAIMS ADMINISTRATION, ALLOCATION, AND DISTRIBUTION OF NET SETTLEMENT FUND

6.1    The Allocation Methodology is a matter separate and apart from the proposed Settlement between Plaintiff and Defendant and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of this Settlement. Provided that none of the terms of the Settlement are modified by such decision, any decision by the Court concerning the Allocation Methodology shall not affect the validity or finality of the Settlement or operate to terminate or cancel this Settlement or affect the finality of the Judgment. Further, after the issuance of any notice contemplated by this Settlement Agreement or ordered by the Court, the Allocation Methodology may be modified without any further notice being required, provided the modification is approved by the Court.

6.2    Plaintiff's Counsel shall, subject to Court approval, allocate the Net Settlement Fund to individual Class Members who are participating in the Settlement proportionately based on the amount of statutory interest owed on the original underlying royalty or overriding royalty payment that allegedly occurred outside the time periods required by the PRSA, with due regard for the production date, the date the underlying royalty payment was made, the amount of the underlying royalty payment made, the time periods set forth in the PRSA, any additional statutory interest that Plaintiff's Counsel believes has since accrued, and the amount of interest or returns that have accrued on the Class Member's proportionate share of the Net Settlement Fund during the time such share was held in the Escrow Account. This allocation is subject to modification by Plaintiff's Counsel and final approval by the Court. Neither Defendant nor

Defendant's Counsel is responsible or liable for any aspect of the Allocation Methodology or any plan of allocation implementing that methodology.

6.3    No later than 28 days prior to the Final Fairness Hearing, the Settlement Administrator and/or Plaintiff's Counsel will provide an Initial Plan of Allocation to Defendant. The Initial Plan of Allocation will reflect the amount of the Distribution Check to be sent to each Class Member based upon (i) the royalty and overriding royalty payment data provided by Defendant pursuant to paragraph 3.3 above; (ii) the assumption that no Class Member timely and properly submits a Request for Exclusion from the Settlement Class or is excluded from the Settlement Class by other order of the Court; and (iii) the assumption that Plaintiff's Counsel's application for attorneys' fees, reimbursement of Litigation Expenses, and Case Contribution Award is approved.

6.4    Within 10 days after the Final Fairness Hearing, the Settlement Administrator will (1) refund to Defendant the amount attributable to Class Members who timely and properly submitted a Request for Exclusion or who were otherwise excluded from the Settlement Class by order of the Court and (2) provide Defendant with the detail necessary for the Court and Defendant to verify the Settlement Administrator's calculation of the refund amount.    The amount of such refund will be calculated in accordance with the Allocation Methodology used in the Initial Plan of Allocation as applied to the Gross Settlement Fund minus the following: (i) the amount of Plaintiff's Attorneys' Fees, reimbursement of Litigation Expenses, and Case Contribution Award approved by the Court and (ii) the amount of any other expenses the Court approved to be paid from the Gross Settlement Fund.    If the amounts described in (i) or (ii) are later reduced on appeal, the Settlement Administrator will refund to Defendant the difference between the initial refund payment and the refund calculated based upon the decreased amount

of Plaintiff's attorneys' fees, Litigation Expenses, Case Contribution Award, or other Court-approved expenses paid from the Gross Settlement Fund.

6.5    Within 60 days after the Effective Date, Plaintiff will file the Final Plan of Allocation with the Court and seek approval thereof. The Final Plan of Allocation will reflect the proportionate amount of the Net Settlement Fund to be paid to each Class Member pursuant to the Allocation Methodology.

6.6    The Settlement Administrator shall administer the Settlement and distribute the Net Settlement Fund under Plaintiff's Counsel's supervision in accordance with this Settlement Agreement and any applicable orders of the Court and subject to the jurisdiction of the Court. Further, to the extent Defendant has not provided the taxpayer identification number for a Class Member, the Settlement Administrator shall make reasonable efforts to obtain the Class Member's tax identification number, including making reasonable inquiry and sending a form W-9 Request for Taxpayer Identification Number and Certification to the best reasonably obtainable address of the Class Member. Plaintiff, Defendant and their respective Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

6.7    The Parties agree that, other than the refund described in paragraph 6.4 attributable to Class Members who have timely and properly submitted Requests for Exclusion or are otherwise excluded from the Settlement Class by order of the Court, no part of the Gross Settlement Fund will be distributed until the Effective Date. If the Settlement is not finally approved in a Judgment, the full Gross Settlement Fund and any accrued interest or returns earned in the Escrow Account will be refunded to Defendant pursuant to paragraph 6.16 below.

6.8     After Court approval of the Final Plan of Allocation, the Settlement Administrator will make prompt distribution of funds to the persons ordered by the Court to receive those funds and Defendant shall pay its portion of the related Administration, Notice, and Distribution Costs (subject to the aforementioned limit of $750,000), with any additional costs being paid from the Gross Settlement Fund. The Settlement Administrator will only make distributions based on the Final Plan of Allocation approved by the Court. It is contemplated that distributions may be made in waves, where using that approach is more efficient for the Settlement Administrator, so that payments to readily identified royalty owners and overriding royalty owners are not unduly delayed. The Settlement Administrator will make a diligent effort to mail the first Distribution Checks within 90 days after the Effective Date and, within the subsequent 90 days, will mail the Distribution Checks representing the remaining 95% of the Net Settlement Fund (such percentage to be calculated based upon the amount of payments shown in the Final Plan of Allocation). The remainder of the Net Settlement Fund will be distributed to Class Members within 1 year after the Effective Date. Any portion of the Net Settlement Fund remaining in the Escrow Account 120 days after the Settlement Administrator sends the final wave of Distribution Checks will be considered Residual Unclaimed Funds that will be refunded to Defendant.

6.9     The Settlement Administrator will use commercially reasonable efforts, subject to review and approval by Plaintiff's Counsel, to distribute the Net Settlement Fund. If the information needed to send a Distribution Check cannot be obtained through such efforts, the portion of the Net Settlement Fund attributable to such Class Member will remain in the Escrow Account as Residual Unclaimed Funds and shall be refunded to Defendant.

6.10     If a Distribution Check is returned to the Settlement Administrator for incorrect or insufficient address, the Settlement Administrator and/or consultants working with the

Settlement Administrator will use commercially reasonable methods to locate an updated address and will re-issue and re-mail the Distribution Check within 30 days. If the second Distribution Check is returned and the Class Member cannot be located through commercially reasonable efforts, the portion of the Net Settlement Fund attributable to them will remain in the Escrow Account for 90 days after the date the Second Distribution Check was returned and, thereafter, will be considered Residual Unclaimed Funds that shall be paid to Defendant.

6.11    Included with each Distribution Check shall be an enclosure that includes the following notice (or, if a change is required by the Court, a notice substantially the same as the following):

TO: Class Member: The enclosed check represents a share of the net settlement fund in the settlement of the Class Action *Reirdon v. XTO Energy Inc.*, Case No. 16-CV-0087-KEW, in the United States District Court for the Eastern District of Oklahoma. You are receiving this distribution and check because you have been identified as a Class Member in this action. If you are not legally entitled to the proceeds identified on the check, the Court has entered an Order that requires you to pay these proceeds to persons legally entitled thereto or return this check uncashed to the sender.

The person to whom this check was originally made payable, and anyone to whom the check has been assigned by that person, has accepted this payment pursuant to the terms of the Settlement Agreement, Notice of Settlement, and Judgment related thereto, which releases, *inter alia*, Defendant and the other Released Parties (as defined in the Settlement Agreement) from any and all Released Claims (as defined in the Settlement Agreement). Pursuant to the Order of the Court, it is the duty of the payee of the check to ensure that the funds are paid to the Class Member(s) entitled to the funds, and the release by Class Member(s) entitled to the funds shall be effective regardless of whether such Class Member(s) receive some, all, or none of the proceeds paid to a payee of a settlement check.

This check shall be null and void if not endorsed and negotiated within ninety (90) days after its date. The release of claims provided in the settlement shall be effective regardless of whether this check is cashed.

6.12    Defendant, Defendant's Counsel, the Settlement Administrator, Plaintiff, and Plaintiff's Counsel shall have no liability to any Class Member for mispayments, overpayments, or underpayments of the Net Settlement Fund.

6.13    If any Class Member has been paid any portion of the Net Settlement Fund for any period of time for which that Class Member was not entitled to receive that payment, and some other person or entity who owned or claims they owned the right to assert the Released Claims and asserts a claim against any of the Released Parties for payment of all or a portion of the Net Settlement Fund or any other Released Claim, then the Class Member who received an excess share shall be liable for any overpayment amount to the person who is determined to have been properly owed that amount, and that Class Member shall indemnify, defend, and hold harmless any of the Released Parties, Plaintiff's Counsel, or any other Class Member.

6.14    Upon completing all distributions of the Net Settlement Fund to Class Members (including any necessary supplemental distributions), complying with the Court's order(s) in furtherance of this Settlement, and distributing the Residual Unclaimed Funds to Defendant, the Settlement Administrator will have satisfied all obligations relating to the payment and distribution of the Net Settlement Fund.

6.15    To the extent not specifically addressed above, any other amount of the Net Settlement Fund that remains in the Escrow Account 150 days after the Settlement Administrator sends the final wave of Distribution Checks and for which further distribution is not economically reasonable, shall be considered Residual Unclaimed Funds.

6.16    Within 180 days after the Settlement Administrator sends the final wave of Distribution Checks, the Settlement Administrator shall send a reconciliation of the amount remaining in the Escrow Account to Defendant and Plaintiff's Counsel and submit an application

to the Court to refund such amount to Defendant pursuant to the terms of this Agreement. The reconciliation must include (i) a detail of each distribution made from the Escrow Account; (ii) the detail of any interest or other returns earned on the Escrow Account; (iii) the total Residual Unclaimed Funds and detail sufficient to verify that total; and (iv) detail showing the total amount of the Administration, Notice, and Distribution Costs paid from the Escrow Account. The Settlement Administrator must pay the total amount remaining in the Escrow Account to Defendant no later than 10 business days after receiving Court approval to do so.

6.17    The Court shall retain jurisdiction to determine any issues relating to the payment and distribution of the Net Settlement Fund, and any claims relating thereto shall be determined by the Court alone, and shall be limited to a determination of the claimant's entitlement to any portion of the Net Settlement Fund, and no consequential, punitive, or other damages; fees; interest; or costs shall be awarded in any proceeding regarding any such determination.

6.18    The Mutual Release, Dismissal, and Covenant Not to Sue shall be effective as provided in this Settlement Agreement, regardless of whether or not particular members of the Settlement Class did or did not receive payment from the Net Settlement Fund and regardless of whether or not any Class Member who was obligated pursuant to the Judgment to pay some or all of the distributed funds to another Class Member in fact made such payment to such other member of the Settlement Class. The failure of a Class Member to make payment to another Class Member pursuant to the payment obligations of the Judgment shall not be a defense to enforcement of the Release of the Released Claims against the Released Parties or the Covenant Not to Sue, as to any Class Member.

6.19    Except in the case of willful and intentional malfeasance of a dishonest nature directly causing such loss, Plaintiff's Counsel, Plaintiff, and the Settlement Class shall have no

liability for loss of any portion of the Escrow Account under any circumstances and, in the event of such malfeasance, only the party whose malfeasance directly caused the loss has any liability for the portion of the Escrow Account lost.

### 7. ATTORNEYS' FEES, CASE CONTRIBUTION AWARD, AND LITIGATION EXPENSES

7.1     No later than 28 calendar days prior to the Final Approval Hearing, Plaintiff's Counsel may apply to the Court for an award of attorneys' fees to Plaintiff's Counsel, a Case Contribution Award, and for reimbursement of Litigation Expenses. Defendant has no obligation for Plaintiff's Attorneys' Fees, Case Contribution Award, or Litigation Expenses. Therefore, Defendant shall not take any position with respect to the applications; the amount of attorneys' fees, Case Contribution Award, or Litigation Expenses sought; or with respect to whether the Court should make any or all such awards. However, Defendant agrees not to contest an application for attorneys' fees up to 40% of the Gross Settlement Fund. Any award of attorneys' fees will be governed by federal common law as set forth in Paragraph 11.8. Plaintiff and Plaintiff's Counsel agree they seek any award of fees to Plaintiff's Counsel, Case Contribution Award, and Litigation Expenses exclusively from the Gross Settlement Fund. The Released Parties shall have no responsibility for and shall take no position with respect to the allocation among Plaintiff's Counsel of Plaintiff's Attorneys' Fees or Litigation Expenses, nor will they encourage anyone to object thereto.

7.2     Subject to the conditions and qualifications set forth below and in Supplemental Agreement 2, any Plaintiff's Attorneys' Fees and reimbursement of Litigation Expenses that are awarded to Plaintiff's Counsel by the Court shall be paid to Plaintiff's Counsel from the Gross Settlement Fund, to the extent practicable through reasonably diligent efforts by the Escrow Agent, 1 business day following the Court's entry of the Judgment or other order(s) finally

approving the Settlement and awarding Plaintiff's Counsel's attorneys' fees and reimbursement of Litigation Expenses. However, the specific terms and conditions related to this provision are contained in Supplemental Agreement 2. Supplemental Agreement 2 shall not be filed with the Court, unless requested by the Court, and then shall only be filed under seal for *in camera* inspection by the Court. The terms of this provision may only be altered or amended by written agreement signed by Defendant and Plaintiff's Counsel.

7.3     Any Case Contribution Award that is awarded by the Court shall be paid to Plaintiff with the Court's approval from the Gross Settlement Fund, on or after the Effective Date.

7.4     An award of Plaintiffs' Attorneys' Fees, Case Contribution Award, or Litigation Expenses is not a necessary term of this Settlement Agreement and is not a condition of this Settlement Agreement. No decision by the Court or any court on any application for an award of Plaintiff's Attorneys' Fees, Case Contribution Award, or Litigation Expenses shall affect the validity or finality of the Settlement. Plaintiff and Plaintiff's Counsel may not cancel or terminate the Settlement Agreement or the Settlement based on this Court's or any other court's ruling with respect to Plaintiff's Attorneys' Fees, Case Contribution Award, or Litigation Expenses.

## 8.     REQUESTS FOR EXCLUSION

8.1     Plaintiff shall not submit a Request for Exclusion and neither Plaintiff, Plaintiff's Counsel, Defendant, Defendant's Counsel, nor anyone acting on behalf of said persons or entities, shall encourage anyone else to submit a Request for Exclusion. Nevertheless, this Settlement Agreement does not prohibit Plaintiff's Counsel from counseling any Class Member as to his, her, or its legal rights or prohibit any Class Member who seeks such counsel from

electing to file a Request for Exclusion from the Settlement Class in accordance with the Court's orders on the subject.

8.2     Any putative Class Member who timely and properly submits a valid Request for Exclusion, as described below, shall have no right to object to the Settlement in any way including but not limited to, the fairness, reasonableness and/or amount of any aspect of the Settlement, Notice of Settlement, Plaintiff's Counsel's request for attorneys' fees and Litigation Expenses, Case Contribution Award, the Allocation Methodology, any Plan of Allocation using the Allocation Methodology, or any distribution of the Net Settlement Fund.

8.3     All Requests for Exclusion must be filed with the Court and served on Defendant's Counsel, Plaintiff's Counsel, and the Settlement Administrator by United States Certified Mail, Return Receipt Requested, which shall be in the Preliminary Approval Order and the Notice of Settlement, in the manner set by the Court at least 17 calendar days prior to the Final Fairness Hearing, unless such deadline is changed or altered by Order of the Court.

8.4     All Requests for Exclusion must include: (a) the Class Member's name, address, telephone number, and notarized signature; (b) a statement that the Class Member wishes to be excluded from the Settlement Class in *Reirdon v. XTO Energy Inc.*; and (c) a description of the Class Member's interest in any wells for which it has received royalty and/or overriding royalty payments from Defendant or anyone making payments on Defendant's behalf, including the name, well number, county in which the well is located, and the owner identification number. Requests for Exclusion may not be submitted through the website or by telephone, facsimile or e-mail.

## 9.     TERMINATION

9.1     Within 10 business days after:  (a) the Court entering an order denying the motion

for preliminary approval of the Settlement or expressly declining to enter the Preliminary Approval Order; (b) the Court refusing to approve this Settlement Agreement or any material part of it; (c) the Court denying the motion for final approval or declining to enter the Judgment; or (d) the date upon which the Judgment is modified or reversed in any material respect and such modification or reversal becomes Final and Non-Appealable, Plaintiff and Defendant shall each have the right to terminate the Settlement and this Settlement Agreement by providing written notice to the other entities that are signatories to this Settlement Agreement of an election to do so; *provided, however,* that any court decision, ruling, or order solely with respect to an application for attorneys' fees, Case Contribution Award, or Litigation Expenses, or to the Allocation Methodology (or any Plan of Allocation using the Allocation Methodology) shall not be grounds for termination. Further, if a certain portion of the persons or entities who would otherwise be Class Members exclude themselves from the Settlement Class by timely submitting a valid Request for Exclusion, that portion being specified in Supplemental Agreement 1, then Plaintiff and Defendant each shall have the option to terminate this Settlement Agreement and the Settlement, pursuant to the terms set forth in Supplemental Agreement 1. Supplemental Agreement 1 shall not be filed with the Court, unless requested by the Court, and then shall only be filed under seal for *in camera* inspection by the Court.

9.2     In the event that the Settlement is terminated pursuant to the terms of this Settlement Agreement or Supplemental Agreement 1, all Administration, Notice, and Distribution Costs paid from the Escrow Account prior to the date of termination will not be returned or repaid to Defendant, or if paid or incurred by Plaintiff or Plaintiff's Counsel, they will be taxed as costs against the Plaintiff in the Litigation.

9.3     The Effective Date, defined in paragraph 1.11, shall be the first business day on which all of the following shall have occurred:

> (i)     Defendant has fully paid, or caused to be fully paid, the Gross Settlement Fund, as required above;
>
> (ii)    neither Defendant nor Plaintiff have terminated the Settlement and this Settlement Agreement and all such rights have expired in accordance with paragraph 9.1 hereof and Supplemental Agreement 1;
>
> (iii)       the Court has approved the Settlement as described herein and entered the Judgment with substantially the form and content attached hereto as Exhibit 2; and
>
> (iv)    such Judgment has become Final and Non-Appealable, as set forth in paragraph 1.15.

9.4     If either Party exercises a right to terminate the Settlement pursuant to its terms:

> (i)     this Settlement Agreement shall be canceled and terminated;
>
> (ii)    the Effective Date shall not occur;
>
> (iii)   Plaintiff and Defendant shall be restored to their respective positions as of the day before the Settlement was preliminarily agreed to on June 30, 2017;
>
> (iv)    the terms and provisions of this Settlement Agreement, except as otherwise provided herein, shall have no further force and effect with respect to Plaintiff, Defendant, or any Class Member and shall not be used in the Litigation or in any other proceeding by anyone for any purpose except to enforce the surviving terms of the Settlement Agreement and Supplemental Agreements;
>
> (v)     any Judgment or other order, including any order certifying the Settlement Class for settlement purposes only, entered by the Court in accordance with the terms of this Settlement Agreement, shall be treated as vacated, *nunc pro tunc*;
>
> (vi)    within 10 business days after any such termination, the Gross Settlement Fund (including accrued interest or returns thereon) shall be refunded by the Escrow Agent to Defendant; and
>
> (vii)   the Litigation shall proceed as if the Settlement Agreement and any orders or motions entered to further the Settlement were never entered.

## 10.     OBJECTIONS

10.1    The Notice of Settlement shall require that any objection to the Settlement, this Settlement Agreement, or to the application for Plaintiff's Attorneys' Fees, Litigation Expenses,

and Case Contribution Award be in writing and comply with all the requirements set forth herein and by the Court in the Preliminary Approval Order and Notice of Settlement.

10.2    If the Court determines that the Settlement, including the Allocation Methodology, the Initial Plan of Allocation, and the awards of Plaintiff's Attorneys' Fees, Case Contribution Award, and Litigation Expenses are fair, adequate and reasonable to the Settlement Class, Plaintiff and Class Counsel shall represent the Settlement Class as a whole in all future proceedings in district court or on appeal, even if Class Members have objected to the Settlement and those objectors are severed for purposes of appeal..

10.3    The Parties entered into the Settlement to provide certainty and finality to an ongoing dispute.  Any Class Member wishing to remain a Class Member, but objecting to any part of the Settlement, can do so only as set forth herein and in the Notice of Settlement documents attached hereto as Exhibits 3 and 4.  If, after hearing the objection(s), the Court determines that the Settlement, including but not limited to, the Allocation Methodology, the Initial Plan of Allocation, and the awards of Plaintiff's Attorneys' Fees, any Case Contribution Award, and reimbursement of Litigation Expenses are fair, adequate and reasonable to the Class as a whole, then either or both Plaintiff and Defendant (each in their sole discretion) may require each objecting Class Member to preserve their appellate rights as follows (prior to filing a Notice of Appeal): move for severance and separate appellate review of the individual objecting Class Member's portion of the Settlement, including their individual portion of the Initial Plan of Allocation, the award of Plaintiff's Attorneys' Fees, Case Contribution Award, and Litigation Expenses, the intent being (i) to permit entry of the Judgment and distributions from the Escrow Account to all other Class Members who do not object and (ii) not to delay payment of Court-

awarded costs, fees and expenses (to the extent they may be paid pursuant to the terms of the Settlement Agreement and Supplemental Agreement 2).

10.4    If the Court determines that the Settlement, including but not limited to, the Allocation Methodology, the Initial Plan of Allocation, and the awards of Plaintiff's Attorneys' Fees, any Case Contribution Award, and reimbursement of Litigation Expenses are fair, adequate and reasonable to the Class as a whole, then either or both Plaintiff and Defendant (each in their sole discretion) may require any objecting Class Member, as a prerequisite to pursuing appeal, to put up a cash bond in an amount sufficient to reimburse (i) the appellate fees of Plaintiff's Counsel and Defendant's Counsel and (ii) the amount of lost interest to the non-objecting Class Members caused by any delay in distribution of the Net Settlement Fund that is caused by appellate review of the objection.

10.5    Only a person or entity who remains a member of the Settlement Class shall have the right to object to the Settlement, the Settlement Agreement, or the application for attorneys' fees by Plaintiff's Counsel, Litigation Expenses and Case Contribution Award. In order for an objection to be valid, the written objection must be (1) filed with the Court and served on Plaintiff's Counsel and Defendant's Counsel by United States Certified Mail, Return Receipt Requested at least 14 calendar days prior to the Final Fairness Hearing, unless such deadline is extended or altered by Order of the Court and (2) contain the following:

> (a)    A heading referring to *Reirdon v. XTO Energy Inc.,* Case No. 16-CV-0087-KEW and to the United States District Court for the Eastern District of Oklahoma;
>
> (b)    A statement as to whether the objector intends to appear at the Final Fairness Hearing, either in person or through counsel, and, if through counsel, identifying counsel by name, address and telephone number;
>
> (c)    A detailed statement of the specific legal and factual basis for each and every objection;

(d)     A list of any witnesses the objector wishes to call at the Settlement Fairness Hearing, together with a brief summary of each witness's expected testimony (to the extent the objector desires to offer expert testimony and/or an expert report, any such evidence must fully comply with the Federal Rules of Civil Procedure, Federal Rules of Evidence, and the Local Rules of the Court);

(e)     A list of and copies of any exhibits the objector may seek to use at the Settlement Fairness Hearing;

(f)     A list of any legal authority the objector may present at the Settlement Fairness Hearing;

(g)     The objector's name, current address, current telephone number, and all royalty and overriding royalty owner identification numbers with Defendant;

(h)     The objector's signature executed before a Notary Public;

(i)     Identification of the objector's interest in wells from which the objector has received royalty and/or overriding royalty payments by or on behalf of Defendant (by well name, payee well number, and county in which the well is located) during the Claim Period and identification of such royalty and/or overriding royalty payments by date of payment, date of production, and amount; and

(j)     If the objector is objecting to any portion of the Plaintiff's attorneys' fees or Litigation Expenses sought by Plaintiff's Counsel on the basis that the amounts requested are unreasonably high, the objector must specifically state the portion of Plaintiff's attorneys' fees and/or Litigation Expenses he/she believes is fair and reasonable and the portion that is not.

Any Class Member who fails to timely file such written statement and provide the required information will not be permitted to present any objections at the Final Fairness Hearing and such failure will render any such attempted objection untimely and of no effect.   All presentations of objections will be further limited by the information listed. A Class Member's mere compliance with the foregoing requirements does not in any way guarantee a Class Member the ability to present evidence or testimony at the Final Fairness Hearing. The decision whether to allow any testimony, argument, or evidence, as well as the scope and duration of any and all presentations of objections at the Final Fairness Hearing, will be in the sole discretion of the Court.

10.6    Defendant will not object to the fairness, adequacy, or reasonableness of the Settlement on appeal.  Nor will Defendant take any position on appeal regarding Plaintiff's Attorneys' Fees, any Case Contribution Award, any reimbursement of Litigation Expenses, or the Allocation Methodology (or any Plan of Allocation using the Allocation Methodology).

## 11.    OTHER TERMS AND CONDITIONS

11.1    Defendant expressly denies all allegations of wrongdoing or liability with respect to the claims and allegations in the Litigation and denies that the Litigation could have been properly maintained as a class action.  It is expressly agreed that neither this Settlement, the Settlement Agreement, any document referred to herein, the Supplemental Agreements, nor any action taken to carry out the Settlement is, may be construed as, or may be used as, an admission by Defendant of any fault, wrongdoing or liability whatsoever with respect to the claims and allegations in the Litigation.  There has been no determination by any court, administrative agency or other tribunal regarding the claims and allegations made in this Litigation.  By agreeing to settle the claims of the Settlement Class in the Litigation, Defendant does not admit that the Litigation could have been properly maintained as a contested class action and the Settlement Class does not admit any deficiency in the merits of their claims.  Defendant asserts it has valid defenses to Plaintiff's and the Class Member's claims and is entering into the Settlement solely to compromise the disputed claims and avoid the risk and expense of continued litigation.

11.2    Entering into or carrying out the Settlement Agreement, and any negotiations or proceedings related thereto, is not, and shall not be construed as, or deemed to be evidence of, an admission or concession by any of the Parties to the Settlement Agreement and shall not be offered or received in evidence in any action or proceeding by or against any party hereto in any

court, administrative agency or other tribunal for any purpose whatsoever other than to enforce the provisions of the Settlement between Defendant and any Class Member(s), the provisions of the Settlement Agreement, or the provisions of any related agreement, order, judgment or release.

11.3    Plaintiff and Defendant shall use their best efforts to encourage and obtain approval of the Settlement.   Plaintiff and Defendant also agree to use their best efforts to promptly prepare and execute all documentation as may be reasonably required to obtain final approval by the Court of this Settlement and to carry out the terms of this Settlement Agreement and Supplemental Agreement.

11.4    Within 30 calendar days after the Settlement Administrator sends the Residual Unclaimed Funds to Defendant, (1) each Party, each Party's counsel, each Party's consultants, each Party's experts, and any other persons who have hard copy or electronic documents or computer disks of documents produced by the other Party that were designated confidential in the Litigation or documents or information derived from documents the other Party designated as confidential in the Litigation will (at their sole expense) return or destroy all such hard copy or electronic documents and computer disks, and will erase or otherwise delete any and all data stored on computer or on computer disks of such documents or information or the data from such documents or information and (2) each Party will certify in writing to the other Party's counsel that such documents, disks, data and information have been destroyed, returned, erased, or deleted.   In addition, within 30 calendar days after the Settlement Administrator sends the Residual Unclaimed Funds to Defendant, (1) Plaintiff and any person or entity to whom Plaintiff has provided such documents will (at their sole expense) destroy, return, delete, or erase any hard copy or electronic copy transcripts of depositions or trial testimony or other sworn statements of

Defendant's witnesses any exhibits to any transcripts or statements and (2) Plaintiff's Counsel will certify in writing to Defendant's Counsel that such documents were destroyed, returned, deleted, or erased. Neither Party will be obligated to destroy, return, erase or delete: (1) any documents previously filed in the public record during the course of the Litigation; (2) any documents Plaintiff and Defendant may agree are not to be considered confidential; or (3) any documents subject to a prior agreement between Plaintiff and Defendant allowing their use in other litigation. Any protective order on file in this Litigation will survive any Judgment issued by the Court and any documents or other information not destroyed in accordance with this paragraph will remain subject to any protective order and all remedies thereunder.

11.5    Except as otherwise provided herein or by a writing signed by all the signatories hereto, the Settlement Agreement, and Supplemental Agreements shall constitute the entire agreement among Plaintiff and Defendant related to the Settlement of the Litigation, and no representations, warranties, or inducements have been made to any party concerning the Settlement other than the representations, warranties, and covenants contained and memorialized in the Settlement Agreement and the Supplemental Agreements. Further, none of the Parties have relied upon any representations, warranties, or covenants made by any other Party other than those expressly contained and memorialized in the Settlement Agreement and Supplemental Agreements. This Settlement Agreement and the Supplemental Agreements may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all signatories hereto or their successors-in-interest.

11.6    This Settlement Agreement and the Supplemental Agreements may be executed in one or more counterparts, including by facsimile or imaged signatures. Facsimile or imaged signatures will have the same force and effect as original signatures. All executed counterparts

taken together shall be deemed to be one and the same instrument. Counsel for the Parties shall exchange among themselves signed counterparts of this Settlement Agreement and the Supplemental Agreements and Plaintiff will file a complete copy of the Settlement Agreement that has been executed by all Parties with the Court.

11.7    Plaintiff and Defendant and their respective counsel have mutually contributed to the preparation of the Settlement Agreement and the Supplemental Agreements. Accordingly, no provision of the Settlement Agreement or the Supplemental Agreements shall be construed against any party on the grounds that one of the parties or its counsel drafted the provision. Plaintiff and Defendant are each represented by competent counsel who have advised their respective clients as to the legal effects of this Settlement, and neither Plaintiff nor Defendant have received or relied upon advice from opposing counsel. Except as otherwise provided herein, each party shall bear its own costs in connection with the Settlement and preparation of the Settlement Agreement and the Supplemental Agreements.

11.8    To promote certainty, predictability, the full enforceability of this Settlement Agreement as written, and nationwide application, the Parties agree that this Settlement Agreement shall be governed solely by any federal law as to due process, class certification, judgment, collateral estoppel, res judicata, release, settlement approval, allocation, case contribution award, the right to and reasonableness of attorneys' fees and expenses, and all other matters for which there is federal procedural or common law, including federal law regarding federal equitable common fund class actions. For any such matters where there is no federal common law, Oklahoma state law will govern.

11.9    The Settlement Agreement and the Supplemental Agreements shall be binding upon, and inure to the benefit of, the successors, trustees, and assigns of the parties hereto.

11.10 Plaintiff and Defendant intend this Settlement to be a final and complete resolution of all disputes asserted or that could be asserted with respect to the Released Claims. Accordingly, Defendant agrees not to file a claim against Plaintiff or Plaintiff's Counsel based upon an assertion that the Litigation was brought by Plaintiff or Plaintiff's Counsel in bad faith or without a reasonable basis. Similarly, Plaintiff agrees not to file a claim against Defendant or Defendant's Counsel based upon an assertion that the Litigation was defended by Defendant or Defendant's Counsel in bad faith or without a reasonable basis. Plaintiff and Defendant agree that the amount paid and the other terms of this Settlement were negotiated at arm's length and in good faith, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel. Neither Plaintiff nor Defendant shall assert any claims that the other violated the Oklahoma or Federal Rules of Civil Procedure or any other law or rule governing litigation conduct in its the maintenance or defense of the Litigation.

11.11 The headings in the Settlement Agreement are used for the purpose of convenience only and are not meant to have legal effect.

11.12 All disputes and proceedings with respect to the administration, enforcement, and interpretation of the Settlement Agreement and the Supplemental Agreements shall be subject to the jurisdiction of the Court. Plaintiff and Defendant waive any right to trial by jury of any dispute arising under or relating to this Settlement Agreement, the Supplemental Agreements, or the Settlement.

11.13 To the extent non-material modifications of this Settlement Agreement or the Supplemental Agreements are necessary, such modification may be made by written agreement among Plaintiff and Defendant after the Execution Date without further notice to the Settlement Class as provided herein. This Settlement Agreement, the Supplemental Agreements, and

attached exhibits represent the entire, fully integrated agreement between the Parties with respect to the Settlement of the Case and may not be contradicted by evidence of prior or contemporaneous oral agreements between the Parties. This Settlement Agreement cancels and supersedes any and all prior agreements understandings, representations, and negotiations concerning this Settlement. No additional obligations or understandings shall be inferred or implied from any of the terms of this Settlement Agreement, as all obligations, agreements, and understandings with respect to the subject matter hereof are solely and expressly set forth herein. It is understood and agreed that the Parties rely wholly on their own respective judgment, belief and knowledge of the facts relating to the making of this Settlement, which is made without reliance upon any statement, promise, inducement, or consideration not recited herein.

11.14 All counsel and any other persons executing this Settlement Agreement and any of the exhibits hereto, the Supplemental Agreements, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Settlement Agreement to effectuate its terms. Plaintiff and each member of the Settlement Class is deemed to represent and warrant that he, she or it holds the claims being released in the Settlement and that he, she or it has full authority to release such claims.

11.15 Plaintiff and Defendant stipulate and agree that (1) all activity in the Litigation, except that contemplated in the Settlement Agreement, Supplemental Agreements, the Preliminary Approval Order, the Notice of Settlement, and the Judgment shall be stayed and (2) all hearings, deadlines, and other proceedings except the Court-ordered status conference on September 28, 2017, the preliminary approval hearing (if any), and the Final Fairness Hearing, shall be taken off the calendar.

11.16  If any Party is required to give notice to the other Parties under this Settlement Agreement, such notice shall be in writing and shall be deemed to have been duly given upon receipt by hand delivery, facsimile transmission or electronic mail to the individuals named in the signature blocks below.

IN WITNESS WHEREOF, the parties and Plaintiff's Counsel have executed this Agreement, in several, as of October 9, 2017.

PLAINTIFF:

Dorsey Reirdon

PLAINTIFF'S COUNSEL:

Bradley E. Beckworth
bbeckworth@nixlaw.com
Jeffrey Angelovich
jangelovich@nixlaw.com
Andrew G. Pate
dpate@nixlaw.com
Trey Duck
tduck@nixlaw.com

Nix, Patterson & Roach, LLP
3600 North Capital of Texas Highway
Suite 350, Building B
Austin Texas, 78746
(512) 328-5333
(512) 328-5335

Susan Whatley
swhatley@nixlaw.com
NIX, PATTERSON & ROACH, LLP
205 Linda Drive
Daingerfield, TX 75638
(903) 645-7333 telephone
(903) 645-4415 facsimile

Patrick M. Ryan, OBA No. 7864
Phillip G. Whaley, OBA No. 13371
Jason A. Ryan, OBA No. 18824
Paula M. Jantzen, OBA No. 20464
RYAN WHALEY COLDIRON
JANTZEN PETERS & WEBBER PLLC
900 Robinson Renaissance
119 North Robinson
Oklahoma City, OK 73102
Telephone: 405-239-6040
Facsimile: 405-239-6766
pryan@ryanwhaley.com
pwhaley@ryanwhaley.com
jryan@ryanwhaley.com
pjantzen@ryanwhaley.com


Michael Burrage
Mburrage@whittenburragelaw.com
WHITTEN BURRAGE
512 N. Broadway Ave., Ste 300
Oklahoma City, OK 73102
(405) 516-7800
(405) 516-7859


Lawrence R. Murphy, Jr.
Lmurphy@richardsconnor.com
RICHARDS & CONNOR, PLLP
525 S Main St. 12th Floor
Tulsa, OK 74103
(918) 585-2394
(918) 585-1449

**DEFENDANT:**

_____
XTO Energy Inc.

**DEFENDANT'S COUNSEL:**

_____
Jeffrey C. King
jking@winstead.com
Elizabeth L. Tiblets
etiblets@winstead.com
WINSTEAD PC
300 Throckmorton, Ste 1700
Fort Worth, TX 76102
(817) 420-8200
(817) 420-8201

Christopher A. Brown
cabrown@winstead.com
WINSTEAD PC
2728 N Harwood, Ste 500
Dallas, TX 75201
(214) 745-5400
(214) 745-5390

Mark Banner
mbanner@hallestill.com
HALL ESTILL HARDWICK GABLE GOLDEN &
NELSON
320 S Boston Ave, Ste 200
Tulsa, OK 74103
(918) 594-0400
(918) 594-0505

ATTACHMENTS:

| | |
|---|---|
| Exhibit 1: | Preliminary Approval Order and Order on Class Certification for Settlement Purposes |
| Exhibit 2: | Order Approving Class Action Settlement and Judgment |
| Exhibit 3: | Notice of Settlement (for Mailing) |
| Exhibit 4: | Notice of Settlement (for Publication) |

**Exhibit 1**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DORSEY J. REIRDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:16-CV-00087-KEW |
| | ) | |
| XTO ENERGY INC., | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFYING THE CLASS FOR SETTLEMENT PURPOSES, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR FINAL FAIRNESS HEARING

This is a class action lawsuit brought by Plaintiff, Dorsey J. Reirdon ("Plaintiff"), on behalf of himself and as representative of a class of royalty owners (defined below), against XTO Energy Inc. ("Defendant") for the alleged failure to pay statutory interest on royalty payments made outside the time periods set forth in the Production Revenue Standards Act, 52 Okl. St. §570.10 (the "PRSA") for oil and gas production proceeds from oil and gas wells in Oklahoma. On October 9, 2017, the Parties executed a Stipulation and Agreement of Settlement (the "Settlement Agreement") and the Supplemental Agreements finalizing the terms of the Settlement.[1] The Settlement Agreement, together with the documents referenced therein and exhibits thereto, set forth the terms and conditions for the proposed Settlement of the Litigation. In accordance with the Settlement Agreement, Plaintiff now presents the Settlement to the Court for preliminary approval under Federal Rule of Civil Procedure 23.

---

[1] Capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Settlement Agreement.

After reviewing the pleadings and Plaintiff's Motion to Certify the Class for Settlement Purposes, Preliminarily Approve Class Action Settlement, Approve Form and Manner of Notice, and Set Date for Final Fairness Hearing ("Motion for Preliminary Approval") and Plaintiff's Memorandum of Law in Support thereof, the Court has preliminarily considered the Settlement to determine, among other things, whether the Settlement warrants the issuance of notice to the Settlement Class. Upon reviewing the Settlement and the Motion for Preliminary Approval, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

1.      For purposes of this Order, the Court adopts all defined terms as set forth in the Settlement Agreement unless otherwise defined herein.

2.      The Court finds the Settlement Class should be certified for the purposes of this Settlement, as the Settlement Class meets all certification requirements of Federal Rule of Civil Procedure 23 for a settlement class.

The certified Settlement Class is defined as follows:

> All non-excluded persons or entities who between January 1, 2009 and October 31, 2017 received royalty and/or overriding royalty payments from Defendant (or Defendant's designee) for oil and gas production proceeds from oil and gas wells in Oklahoma.

> The persons or entities excluded from the class are: (1) persons or entities who have received only working interest payments during the Claim Period; (2) agencies, departments, or instrumentalities of the United States of America and the State of Oklahoma; (3) publicly traded oil and gas companies and their affiliates; (4) persons or entities that Plaintiff's Counsel are prohibited from representing under Rule 1.7 of the Oklahoma Rules of Professional Conduct, including, but not limited to, Charles David Nutley and Danny George (who Plaintiff's Counsel cannot represent because such representation would create a concurrent conflict of interest); and (5) officers of the Court.

The term "Settlement Class" includes both owners of royalty interests and overriding royalty interests.

3.     The Court finds the above-defined Settlement Class satisfies all prerequisites of Federal Rule of Civil Procedure 23(a) for purposes of the proposed class settlement:

a.     Numerosity.  Plaintiff has demonstrated "[t]he class is so numerous that joinder of all members is impracticable." FED. R. CIV. P. 23(a)(1).  The Tenth Circuit has not adopted a set number as presumptively sufficient to meet this burden, and there is "no set formula to determine if the class is so numerous that it should be so certified." *Trevizo v. Adams*, 455 F.3d 1155, 1162 (10th Cir. 2006).  Whether a class satisfies the numerosity requirement is "a fact-specific inquiry" that district courts have "wide latitude" when determining. *In re Cox Enters., Inc.*, No. 12-ML-2048-C, 2014 U.S. Dist. LEXIS 2459, *13 (W.D. Okla. Jan. 9, 2014) (quoting *Trevizo*, 455 F.3d at 1162).  Here, the Settlement Class consists of thousands of royalty and overriding royalty owners.  Therefore, the Court finds the numerosity prerequisite is undoubtedly met.

b.     Commonality.  Plaintiff has also demonstrated "[t]here are questions of law or fact common to the class." FED. R. CIV. P. 23(a)(2).

c.     Typicality.  Plaintiff has also shown "[t]he claims or defenses of the representative parties are typical of the claims or defenses of the class." FED. R. CIV. P. 23(a)(3).

d.     Adequacy.  Plaintiff and Plaintiff's Counsel have demonstrated "[t]he representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4).

In addition, because the Court finds Plaintiff and Plaintiff's Counsel, Nix, Patterson & Roach, LLP and Ryan Whaley PLLC, to be adequate representatives of the Settlement Class, the Court hereby appoints Plaintiff as Class Representative; Plaintiff's

Counsel Nix Patterson & Roach, LLP and Ryan Whaley PLLC as Class Counsel; and Plaintiff's Counsel Whitten Burrage and Richards & Connor, PLLP as liaison local counsel for the Settlement Class.

4.     The Court also finds the requirements of Federal Rule of Civil Procedure 23(b)(3) are met:

     a.     Predominance. Class Representative has shown "questions of law or fact common to the members of the class predominate over any questions affecting only individual members." FED. R. CIV. P. 23(b)(3).

     b.     Superiority. Class Representative has also established "that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." FED. R. Civ. P. 23(b)(3).

     In sum, the Court finds all prerequisites and requirements of Federal Rule of Civil Procedure 23(a)-(b) are satisfied, and the Settlement Class is hereby certified for the purposes of this Settlement.

5.     The Court preliminarily finds (i) the proposed Settlement resulted from extensive arm's-length negotiations; (ii) the proposed Settlement was agreed to only after Class Counsel had conducted legal research and discovery regarding the strengths and weakness of Class Representative's and the Settlement Class' claims; (iii) Class Representative and Class Counsel have concluded that the proposed Settlement is fair, reasonable, and adequate; and (iv) the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the proposed Settlement to the Settlement Class.

6.     Having considered the essential terms of the Settlement under the recognized standards for preliminary approval as set forth in the relevant jurisprudence, the Court

preliminarily approves the Settlement, subject to the right of any member of the Settlement Class to challenge the fairness, reasonableness, and adequacy of any part of the Settlement, Settlement Agreement, Allocation Methodology, or proposed Initial Plan of Allocation (or any other Plan of Allocation), and to show cause, if any exists, why a Final Judgment dismissing the Action based on the Settlement Agreement should not be ordered after adequate notice to the Settlement Class has been given in conformity with this Order. As such, the Court finds that those Class Members whose claims would be settled, compromised, dismissed, and released pursuant to the Settlement should be given notice and an opportunity to be heard regarding final approval of the Settlement and other matters.

7.      The Court further preliminarily approves the form and content of the proposed Notice and the proposed Summary Notice, which are attached to the Settlement Agreement as Exhibits 3 and 4, respectively, and finds the Notice and Summary Notice are the best notice practicable under the circumstances, constitute due and sufficient notice to all persons and entities entitled to receive such notice, and fully satisfy the requirements of applicable laws, including due process and Federal Rule of Civil Procedure 23. The Court finds the form and content of the Notice and Summary Notice fairly and adequately: (i) describe the terms and effect of the Settlement; (ii) notify the Settlement Class that Class Counsel will seek attorneys' fees, reimbursement of Litigation Expenses, and a Case Contribution Award for Class Representative's services; (iii) notify the Settlement Class of the time and place of the Final Fairness Hearing; (iv) describe the procedure for requesting exclusion from the Settlement; and (v) describe the procedure for objecting to the Settlement or any part thereof.

8.      The Court also preliminarily approves the proposed manner of communicating the Notice and Summary Notice to the Settlement Class, as set out below, and finds it is the best

notice practicable under the circumstances, constitutes due and sufficient notice to all persons and entities entitled to receive such notice, and fully satisfies the requirements of applicable laws, including due process and Federal Rule of Civil Procedure 23:

      a.     As soon as reasonably practicable following entry and within forty-five (45) days of entry of this Order, the Settlement Administrator will mail (or cause to be mailed) the Notice by first class mail to all potential Class Members who have been identified after reasonable efforts to do so. The Notice will be mailed to potential Class Members using the royalty and overriding royalty payment history data and suspense data described in paragraph 3.3 of the Settlement Agreement, the last-known addresses for each payee, and any updated addresses found by the Settlement Administrator. For any Class Members who received more than one allegedly late payment, the Notice of Settlement will be mailed to the payee's last-known address (or any updated address found by the Settlement Administrator). The Settlement Administrator will also publish the Summary Notice as described below. It is not reasonable or economically practical for the Parties to do more to determine the names and addresses of Class Members.

      b.     Within ten (10) days after mailing the first Notice, the Settlement Administrator also shall publish (or cause to be published) the Summary Notice one time in each of the following newspapers: (1) *The Oklahoman*, a paper of general circulation in Oklahoma; (2) *Tulsa World*, a paper of general circulation in Oklahoma; (3) *The Daily Armoreite*, a paper of local circulation; (4) *The Fairview Republican*, a paper of local circulation; (5) *The McAlester News Capital & Democrat*, a paper of local circulation; and (6) the *Holdenville Tribune*, a paper of local circulation.

c.     Within ten (10) days after mailing the first notice and through the Final Fairness Hearing, the Settlement Administrator will also display (or cause to be displayed) on an Internet website dedicated to this Settlement the following documents: (1) the Notice of Settlement, (2) the Petition and Answer, (3) the Settlement Agreement, (4) this Order, and (5) other publicly-filed documents related to the Settlement.

d.     Defendant shall bear Administration, Notice, and Distribution Costs up to $750,000.00 in accordance with the Settlement Agreement. The Gross Settlement Fund shall bear any Administration, Notice, and Distribution Costs exceeding $750,000.00, in addition to any other Court-approved fees, costs, and expenses for administration, distribution, or notification of the Settlement.

9.     Class Counsel is authorized to act on behalf of the Settlement Class with respect to all acts required by, or which may be given pursuant to, the Settlement Agreement, or such other acts that are reasonably necessary to consummate the proposed Settlement set forth in the Settlement Agreement.

10.     The Court appoints _____ to act as Settlement Administrator and perform the associated responsibilities set forth in the Settlement Agreement. The Settlement Administrator will receive and process any Requests for Exclusion and, if the Settlement is finally approved by the Court, will supervise and administer the Settlement in accordance with the Settlement Agreement, the Judgment, and the Court's Plan of Allocation order(s) authorizing distribution of the Net Settlement Fund to Class Members. The Parties and their Counsel shall not be liable for any act or omission of the Settlement Administrator.

11.     The Court appoints _____ as the Escrow Agent. The Escrow Agent is authorized and directed to act in accordance with the Settlement Agreement, Supplemental

Agreements, and Escrow Agreement. Except as set forth in paragraph 6.19 of the Settlement Agreement, the Parties and their Counsel shall not be liable for any act or omission of the Escrow Agent or loss for the funds in the Escrow Account.

12.     Pursuant to Federal Rule of Civil Procedure 23(e), a Final Fairness Hearing shall be held on _____, 2018 at _____.M. in the United States District Court for the Eastern District of Oklahoma, the Honorable Kimberly E. West presiding, to:

a.     determine whether the Settlement should be approved by the Court as fair, reasonable, and adequate and in the best interests of the Settlement Class;

b.     determine whether the notice method utilized: (i) constituted the best practicable notice under the circumstances; (ii) constituted notice reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Litigation, the Settlement, their right to exclude themselves from the Settlement, their right to object to the Settlement, and their right to appear at the Final Fairness Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to such notice; and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

c.     determine whether a final Judgment should be entered pursuant to the Settlement Agreement, *inter alia*, dismissing the Litigation against Defendant with prejudice and extinguishing, releasing, and barring all Released Claims against all Released Parties in accordance with the Settlement Agreement;

d.     determine the proper method of allocation and distribution of the Net Settlement Fund among Class Members who are not excluded from the Settlement Class

by virtue of a timely and properly submitted Request for Exclusion or other order of the Court;

      e.      determine whether the applications for Plaintiff's attorneys' fees, reimbursement for Litigation Expenses, and a Case Contribution Award to Class Representative are fair and reasonable and should be approved; and

      f.      rule on such other matters as the Court may deem appropriate.

13.      The Court reserves the right to adjourn, continue, and reconvene the Final Fairness Hearing, or any aspect thereof, including the consideration for the application for attorneys' fees and reimbursement of Litigation Expenses, without further notice to the Settlement Class. The Settlement Administrator will update the website maintained pursuant to paragraph 8(c) of this Order to reflect the current information about the date and time for the Final Fairness Hearing.

14.      The Court reserves the right to continue the Final Fairness Hearing to a later date than the date provided for in the formal notices to the Settlement Class, and to approve the Settlement at or after the Final Fairness Hearing without further notice to the Settlement Class.

15.      Class Members wishing to exclude themselves from the Settlement Class pursuant to Federal Rule of Civil Procedure 23(e)(4) must submit to the Settlement Administrator a valid and timely Request for Exclusion. Requests for Exclusion must include: (i) the Class Member's name, address, telephone number, and notarized signature; (ii) a statement that the Class Member wishes to be excluded from the Settlement Class in *Reirdon v. XTO Energy Inc.*; and (iii) a description of the Class Member's interest in any wells for which it has received royalty and/or overriding royalty payments from Defendant or anyone making payments on Defendant's behalf, including the name, well number, county in which the well is located, and the owner

identification number. Requests for Exclusion must be filed with the Court and served on the Settlement Administrator, Defendant's Counsel, and Plaintiff's Counsel by certified mail, return receipt requested and received no later than 5 p.m. CDT on _____, 2018. Requests for Exclusion may be mailed as follows:

## Settlement Administrator:

*Reirdon-XTO* Settlement
c/o _____., Settlement Administrator
_____
_____

## The Court:

Clerk of the Court
United States District Court for the Eastern District of Oklahoma
101 North 5th Street
Muskogee, Oklahoma 74401

| **Plaintiff's Counsel:** | **Defendant's Counsel:** |
|---|---|
| Bradley E. Beckworth | Jeffrey C. King |
| Jeffrey J. Angelovich | Elizabeth L. Tiblets |
| Andrew G. Pate | Christopher A. Brown |
| Trey Duck | WINSTEAD, PC |
| NIX, PATTERSON & ROACH, LLP | 300 Throckmorton, Ste 1700 |
| 3600 N Capital of Texas Hwy | Fort Worth, TX 76102 |
| Austin, TX 78746 | |
| | Mark Banner |
| | HALL ESTILL HARDWICK GABLE |
| | GOLDEN & NELSON |
| Patrick M. Ryan | 320 S Boston Ave, Ste 200 |
| Phillip G. Whaley | Tulsa, OK 74103 |
| Jason A. Ryan | |
| Paula M. Jantzen | |
| RYAN WHALEY COLDIRON | |
| JANTZEN PETERS & WEBBER PLLC | |
| 900 Robinson Renaissance | |
| 119 North Robinson | |
| Oklahoma City, OK 73102 | |
| | |
| Michael Burrage | |
| WHITTEN BURRAGE | |

512 N. Broadway Ave., Ste 300
Oklahoma City, OK 73102

Lawrence R. Murphy, Jr.
RICHARDS & CONNOR, PLLP
525 S Main St. 12th Floor
Tulsa, OK 74103

Requests for Exclusion may not be submitted through the website or by phone, facsimile, or e-mail. Any Class Member that has not timely and properly submitted a Request for Exclusion shall be included in the Settlement and shall be bound by the terms of the Settlement Agreement in the event it is finally approved by the Court.

16.     Any Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, any term of the Settlement, the Allocation Methodology, the Initial Plan of Allocation, the request for Plaintiff's attorneys' fees and Litigation Expenses, or the request for a Case Contribution Award to Class Representative may file an objection. An objector must file with the Court and serve upon Plaintiff's Counsel and Defendant's Counsel a written objection containing the following: (i) a heading referring to *Reirdon v. XTO Energy Inc.,* Case No. 6:16-CV-00087-KEW, and to the United States District Court for the Eastern District of Oklahoma; (ii) a statement as to whether the objector intends to appear at the Final Fairness Hearing, either in person or through counsel, and, if through counsel, counsel must be identified by name, address and telephone number; (iii) a detailed statement of the specific legal and factual basis for each and every objection; (iv) a list of any witnesses the objector may call at the Final Fairness Hearing, together with a brief summary of each witness's expected testimony (to the extent the objector desires to offer expert testimony and/or an expert report, any such evidence must fully comply with the Federal Rules of Civil Procedure, Federal Rules of Evidence, and the Local Rules of the Court); (v) a list of and copies of any exhibits the objector

11

may seek to use at the Final Fairness Hearing; (vi) a list of any legal authority the objector may present at the Final Fairness Hearing; (vii) the objector's name, current address, current telephone number, and all royalty and overriding royalty owner identification numbers with Defendant; (viii) the objector's signature executed before a Notary Public; (ix) identification of the objector's interest in wells from which the objector has received royalty and/or overriding royalty payments by or on behalf of Defendant (by well name, payee well number, and county in which the well is located) during the Claim Period and identification of such royalty and/or overriding royalty payments by date of payment, date of production, and amount; and (x) if the objector is objecting to any portion of the Plaintiff's attorneys' fees or Litigation Expenses sought by Plaintiff's Counsel on the basis that the amounts requested are unreasonably high, the objector must specifically state the portion of Plaintiff's attorneys' fees and/or Litigation Expenses he/she believes is fair and reasonable and the portion that is not. Such written objections must be filed with the Court and served on Plaintiff's Counsel and Defendant's Counsel, via certified mail return receipt requested, and received no later than 5 p.m. CDT on _____, 2018 at the addresses set forth in paragraph 15 above.

Any Class Member who fails to timely file and serve such written statement and provide the required information will not be permitted to present any objections at the Final Fairness Hearing and such failure will render any such attempted objection untimely and of no effect. All presentations of objections will be further limited by the information listed. Either or both Party's Counsel may file any reply or response to any objections no later than _____, 2018. The procedures set forth in this paragraph do not supplant, but are in addition to, any procedures required by the Federal Rules of Civil Procedure.

12

17.     Any objector who timely files and serves a valid written objection in accordance with the above paragraph may also appear at the Final Fairness Hearing, either in person or through qualified counsel retained at the objector's expense. Objectors or their attorneys intending to present any objection at the Final Fairness Hearing must comply with the Local Rules of this Court in addition to the requirements set forth in paragraph 16 above.

18.     No later than 5:00 p.m. CDT on _____, 2017, if the Settlement has not been terminated pursuant to this Settlement Agreement or Supplemental Agreement 1, Plaintiff's Counsel and Plaintiff shall move for: (a) final approval of the Settlement pursuant to Federal Rule of Civil Procedure 23(e); (b) entry of a Judgment in substantially the same form as Exhibit 2; (c) final approval of the Allocation Methodology and Initial Plan of Allocation; and (d) attorneys' fees, reimbursement of Litigation Expenses, and/or a Case Contribution Award.

19.     If the Settlement is not approved by the Court, is terminated in accordance with the terms of the Settlement Agreement, or otherwise does not become Final and Non-Appealable for any reason whatsoever, the Settlement, Settlement Agreement, and any actions to be taken in connection therewith (including this Order and any Judgment entered herein), shall be terminated and become void and of no further force and effect as described in the Settlement Agreement (including, but not limited to paragraph 9.4 of the Settlement Agreement). Any obligations or provisions relating to the refund of Plaintiff's Attorney's Fees, Litigation Expenses, the payment of Administration, Notice, and Distribution Costs already incurred, and any other obligation or provision in the Settlement Agreement or Supplemental Agreements that expressly pertains to the termination of the Settlement or events to occur after the termination, shall survive termination of the Settlement Agreement and Settlement.

20. All proceedings in the Litigation, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of this Court. Pending final approval of the Settlement, Class Representative and all Class Members are barred, enjoined, and restrained from commencing, prosecuting, continuing, or asserting in any forum, either directly or indirectly, on their own behalf or on the behalf of any other person or class, any Released Claim against Released Parties.

21. Entering into or carrying out the Settlement Agreement, and any negotiations or proceedings related thereto, is not, and shall not be construed as, or deemed to be evidence of, an admission or concession by any of the Parties to the Settlement Agreement and shall not be offered or received in evidence in any action or proceeding by or against any Party in any court, administrative agency, or other tribunal for any purpose whatsoever other than to enforce the provisions of the Settlement between Defendant and any Class Member(s), the provisions of the Settlement Agreement, or the provisions of any related agreement, order, judgment or release. This Order shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, liability, or the propriety of maintaining this Litigation as a contested class action and Defendant specifically denies any such fault, wrongdoing, breach, liability, and allegation regarding certification. This Order shall not be construed or used as an admission, concession, or declaration by or against Class Representative or the Settlement Class that their claims lack merit or that the relief requested in the Litigation is inappropriate, improper, or unavailable. This Order shall not be construed or used as an admission, concession, declaration, or waiver by any Party of any arguments, defenses, or claims he, she, or it may have with respect to the Litigation in the event the Settlement is terminated.

14

Moreover, the Settlement and any proceedings taken pursuant to the Settlement are for settlement purposes only.

22.     The Court, along with any appellate court with power to review the Court's orders and rulings in the Litigation, hereby retains jurisdiction over this Litigation to consider all further matters arising out of or connected with the Settlement reflected in the Settlement Agreement, including enforcement of the releases provided for in the Settlement Agreement. The Court, along with any appellate court with power to review the Court's orders and rulings in the Litigation, also hereby retains jurisdiction over this Litigation to administer all other matters related to the enforcement of the Settlement Agreement and Settlement and the orders of the Court related thereto.

23.     The Court may, for good cause shown, extend any of the deadlines set forth in this Order without further written notice to the Settlement Class.

IT IS SO ORDERED this ___ day of _____ 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE

**APPROVED AS TO FORM**

**PLAINTIFF'S COUNSEL:**

_____
Bradley E. Beckworth
bbeckworth@nixlaw.com
Jeffrey Angelovich
jangelovich@nixlaw.com
Andrew G. Pate
dpate@nixlaw.com
Trey Duck

tduck@nixlaw.com
NIX, PATTERSON & ROACH, LLP
3600 North Capital of Texas Highway
Suite 350, Building B
Austin Texas, 78746
(512) 328-5333
(512) 328-5335

Susan Whatley
swhatley@nixlaw.com
NIX, PATTERSON & ROACH, LLP
205 Linda Drive
Daingerfield, TX 75638
(903) 645-7333 telephone
(903) 645-4415 facsimile

Patrick M. Ryan, OBA No. 7864
Phillip G. Whaley, OBA No. 13371
Jason A. Ryan, OBA No. 18824
Paula M. Jantzen, OBA No. 20464
RYAN WHALEY COLDIRON
JANTZEN PETERS & WEBBER PLLC
900 Robinson Renaissance
119 North Robinson
Oklahoma City, OK 73102
Telephone: 405-239-6040
Facsimile: 405-239-6766
pryan@ryanwhaley.com
pwhaley@ryanwhaley.com
jryan@ryanwhaley.com
pjantzen@ryanwhaley.com

Michael Burrage
Mburrage@whittenburragelaw.com
WHITTEN BURRAGE
1215 Classen Dr.
Oklahoma City, OK 73103
(405) 516-7800
(405) 516-7859

Lawrence R. Murphy, Jr.
Lmurphy@richardsconnor.com
RICHARDS & CONNOR, PLLP
525 S Main St. 12th Floor
Tulsa, OK 74103
(918) 585-2394

(918) 585-1449

*-and-*

**DEFENDANT'S COUNSEL:**

---

Jeffrey C. King
Jking@winstead.com
Elizabeth L. Tiblets
etiblets@winstead.com
WINSTEAD, PC
300 Throckmorton, Ste 1700
Fort Worth, TX 76102
(817) 420-8200
(817) 420-8201

Christopher A. Brown
Cabrown@winstead.com
WINSTEAD, PC
2728 N Harwood, Ste 500
Dallas, TX 75201
(214) 745-5400
(214) 745-5390

Mark Banner
Mbanner@hallestill.com
HALL ESTILL HARDWICK GABLE GOLDEN & NELSON
320 S Boston Ave, Ste 200
Tulsa, OK 74103
(918) 594-0400
(918) 594-0505

Exhibit 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DORSEY J. REIRDON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 6:16-CV-00087-KEW |
| | ) |
| XTO ENERGY INC., | ) |
| | ) |
| | ) |
| Defendant. | ) |

**ORDER AND JUDGMENT GRANTING FINAL APPROVAL
OF CLASS ACTION SETTLEMENT**

This is a class action lawsuit brought by Class Representative, Dorsey J. Reirdon, on behalf of himself and as representative of a class of royalty and overriding royalty owners (defined below), against XTO Energy Inc., for the alleged failure to pay statutory interest on royalty payments made outside the time periods set forth in the Production Revenue Standards Act, 52 Okl. St. §570.10 (the "PRSA") for oil and gas production proceeds from oil and gas wells in Oklahoma. On October 9, 2017, Plaintiff and Defendant executed a Stipulation and Agreement of Settlement (the "Settlement Agreement") and Supplemental Agreements, finalizing the terms of the Settlement.[1]

On _____, 2017, the Court preliminarily approved the Settlement and issued an Order Granting Preliminary Approval of Class Action Settlement, Certifying the Class for

---

[1] Capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Settlement Agreement.

Settlement Purposes, Approving Form and Manner of Notice, and Setting Date for Final Fairness Hearing (the "Preliminary Approval Order"). In the Preliminary Approval Order, the Court, *inter alia*:

   a.   certified the Settlement Class for settlement purposes, finding all requirements of Federal Rule of Civil Procedure 23 have been satisfied with respect to the proposed Settlement Class;

   b.   appointed Plaintiff, Dorsey J. Reirdon, as Class Representative and the following law firms as Plaintiff's Counsel: (a) Nix, Patterson & Roach, LLP and (b) Ryan Whaley PLLC as Class Counsel and the law firms of (a) Whitten Burrage and (b) Richards & Connor, PLLP as liaison local counsel for the Settlement Class;

   c.   preliminarily found: (i) the proposed Settlement resulted from extensive arm's-length negotiations; (ii) the proposed Settlement was agreed to only after Class Counsel had conducted legal research and fact and expert discovery regarding the strengths and weaknesses of Class Representative's and the Settlement Class' claims; (iii) Class Representative and Class Counsel have concluded that the proposed Settlement is fair, reasonable, and adequate; and (iv) the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the proposed Settlement to the Settlement Class;

   d.   preliminarily approved the Settlement as fair, reasonable, and adequate and in the best interest of the Settlement Class;

   e.   preliminarily approved the form and manner of the proposed Notice and Summary Notice to be communicated to the Settlement Class, finding specifically that such Notice and Summary Notice, among other information: (i) described the terms and

2

effect of the Settlement; (ii) notified the Settlement Class that Plaintiff's Counsel will seek attorneys' fees, reimbursement of Litigation Expenses, and a Case Contribution Award for Class Representative's services; (iii) notified the Settlement Class of the time and place of the Final Fairness Hearing; (iv) described the procedure for requesting exclusion from the Settlement; and (v) described the procedure for objecting to the Settlement or any part thereof;

      f.      instructed the Settlement Administrator to disseminate the approved Notice to potential members of the Settlement Class, to publish the Summary Notice, and to display documents related to the Settlement on an Internet website in accordance with the Settlement Agreement and in the manner approved by the Court, with Administration, Notice, and Distribution Costs up to $750,000 to be paid by Defendant in accordance with the Settlement Agreement;

      g.      provided for the appointment of a Settlement Administrator;

      h.      provided for the appointment of an Escrow Agent;

      i.      set the date and time for the Final Fairness Hearing as _____, 2018 at _____.M. in the United States District Court for the Eastern District of Oklahoma; and

      j.      set out the procedures and deadlines by which Class Members could properly request exclusion from the Settlement Class or object to the Settlement or any part thereof.

After the Court issued the Preliminary Approval Order, due and adequate notice by means of the Notice and Summary Notice was given to the Settlement Class, notifying them of the Settlement and the upcoming Final Fairness Hearing. On _____, 2018, in accordance

3

with the Preliminary Approval Order and the Notice, the Court conducted a Final Fairness Hearing to, *inter alia*:

        a.      determine whether the Settlement should be approved by the Court as fair, reasonable, and adequate and in the best interests of the Settlement Class;

        b.      determine whether the notice method utilized by the Settlement Administrator: (i) constituted the best practicable notice under the circumstances; (ii) constituted notice reasonably calculated under the circumstances to apprise Class Members of the pendency of the Litigation, the Settlement, their right to exclude themselves from the Settlement, their right to object to the Settlement or any part thereof, and their right to appear at the Final Fairness Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to such notice; and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

        c.      determine whether to approve the Allocation Methodology, the Initial Plan of Allocation, and distribution of the Net Settlement Fund to Class Members who did not timely submit a valid Request for Exclusion or were not otherwise excluded from the Settlement Class by order of the Court;[2]

        d.      determine whether a Judgment should be entered pursuant to the Settlement Agreement, *inter alia*, dismissing the Litigation against Defendant with prejudice and extinguishing, releasing, and barring all Released Claims against all Released Parties in accordance with the Settlement Agreement;

---

[2] The Court will issue a separate order pertaining to the allocation and distribution of the Net Settlement Proceeds among Class Members (the "Plan of Allocation Order").

e.     determine whether the applications for Plaintiff's attorneys' fees, reimbursement for Litigation Expenses, and Case Contribution Award to Class Representative are fair and reasonable and should be approved;[3] and

f.     rule on such other matters as the Court deems appropriate.

The Court, having reviewed the Settlement, the Settlement Agreement, and all related pleadings and filings, and having heard the evidence and argument presented at the Final Fairness Hearing, now **FINDS, ORDERS, and ADJUDGES as follows**:

1.     The Court, for purposes of this Order and Judgment (the "Judgment"), adopts all defined terms as set forth in the Settlement Agreement and incorporates them as if fully set forth herein.

2.     The Court has jurisdiction over the subject matter of this Litigation and all matters relating to the Settlement, as well as personal jurisdiction over Defendant and Class Members.

3.     The Settlement Class, which was certified in the Court's Preliminary Approval Order, is defined as:

> All non-excluded persons or entities who between January 1, 2009 and October 31, 2017 received royalty and/or overriding royalty payments from Defendant (or Defendant's designee) for oil and gas production proceeds from oil and gas wells in Oklahoma.

> The persons or entities excluded from the class are: (1) persons or entities who have received only working interest payments during the Claim Period; (2) agencies, departments, or instrumentalities of the United States of America and the State of Oklahoma; (3) publicly traded oil and gas companies and their affiliates; (4) persons or entities that Plaintiff's Counsel are prohibited from representing under Rule 1.7 of the Oklahoma Rules of Professional Conduct, including, but not limited to, Charles David Nutley and Danny George (who Plaintiff's Counsel cannot represent because such representation would create a concurrent conflict of interest); and (5) officers of the Court.

---

[3] The Court will issue separate orders pertaining to Plaintiff's Counsel's request for attorneys' fees and reimbursement of Litigation Expenses and Class Representative's request for a Case Contribution Award.

The term "Settlement Class" includes both owners of royalty interests and overriding royalty interests. The Court finds that the above-defined Settlement Class has been properly certified for the purposes of this Settlement. The Court finds that the persons and entities identified in the attached Exhibit 1 have filed timely and valid Requests for Exclusion and are hereby excluded from the foregoing Settlement Class, will not participate in or be bound by the Settlement, or any part thereof, as set forth in the Settlement Agreement, and will not be bound by or subject to the releases provided for in this Judgment and the Settlement Agreement.

4.     As used in this Judgment, the following terms shall have the following meanings:

a.     "**Released Claims**" include all claims under Oklahoma law that the Releasing Parties may have against the Released Parties related solely to underpaid and unpaid statutory interest on royalty payments and overriding royalty payments made by Defendant (or any person or entity making royalty or overriding royalty payments on behalf of Defendant) during the Claim Period that were allegedly late according to the time periods set forth in the Production Revenue Standards Act, 52 Okl. St. §570.1, *et seq.* (the "PRSA"). Without limiting the foregoing, the Released Claims include any and all causes of action, choses in action, demands, debts, obligations, duties, liens, liabilities, and theories of liability and recovery of whatsoever kind and nature, whether based in contract or tort, whether arising in equity or under the common law, whether by statute or regulation, whether known or unknown, whether asserted by the Settlement Class in the past, present, or future, and whether contingent, prospective, or matured, whether for actual or punitive damages relief, interest, injunctive relief, declaratory relief, equitable relief, or any other type of relief, that are, were, or could have been asserted in the Litigation and relate to underpaid and unpaid statutory interest on royalty payments and overriding royalty payments made by Defendant (or any person or entity making royalty or overriding royalty payments on behalf of Defendant) during the Claim Period where such payments were allegedly late under the PRSA. The Released Claims specifically include all claims that a Releasing Party could make with regard to: (1) any failure to pay or delay in paying statutory interest on royalty payments and overriding royalty payments that the Releasing Party asserts were made outside the time periods set forth in the PRSA; (2) any payment of statutory interest the Releasing Party contends was less than the amount of statutory interest due under the PRSA; (3) any requirement that a request from a payee be made prior to paying statutory interest under the PRSA (or any delay in paying statutory interest until a request was made); (4) any misrepresentation and/or omission regarding the amount of statutory interest owed to a Class Member; and (5) any breach of the PRSA, actual fraud, constructive fraud, deceit, unjust enrichment/disgorgement, accounting, actual damages, punitive damages, and injunctive relief, insofar as any such claim arises from any underpaid and unpaid statutory interest

6

on royalty payments and overriding royalty payments made by Defendant (or any person or entity making royalty or overriding royalty payments on behalf of Defendant) where such payments were allegedly late under the PRSA.

The Released Claims do not include claims related to royalty or overriding royalty payments made outside of the Claim Period. The Released Claims also specifically do not include: (a) claims for statutory interest on routine prior period adjustments made outside of the Claim Period that were caused by any volumetric adjustments, value adjustments, or mathematical errors that were made by Defendant; (b) claims that Defendant breached obligations to Class Members to develop Oklahoma oil and gas leases and failure to prevent offset drainage; and (c) claims for statutory interest allegedly owed on any unclaimed royalty payments Defendant has submitted to the State of Oklahoma pursuant to the Uniform Unclaimed Property Act or to any other state under a similar statute.

In addition, a Class Member's Released Claims do not include the *Chieftain*-Related Claims. This provision regarding the *Chieftain*-Related Claims is subject to the express understanding of the Parties that it does not apply to the extent the *Chieftain*-Related Claims or the damages sought in *Chieftain* are the same as those asserted or sought in the Litigation. Stated another way, in the event the claims asserted or damages sought in the Litigation and those asserted or sought in *Chieftain* are the same, then all such claims or damages are included in this Settlement Agreement as a Released Claim.

    b. **"Released Parties"** means Defendant; its predecessors, successors, heirs, assignors, and assignees; any person or entity who made royalty payments or overriding royalty payments on behalf of Defendant or its predecessors, successors, heirs, and assigns; and any past and present affiliates, directors, officers, employees, attorneys, agents, consultants, servants, stockholders, members, representatives, subsidiaries, and affiliates of the foregoing persons or entities.

    c. **"Releasing Parties"** means the Class Member; its predecessors, successors, heirs, assignors, and assignees; and any past and present affiliates, officers, employees, attorneys, agents, consultants, servants, stockholders, members, representatives, subsidiaries, and affiliates of such persons or entities.

    d. **"Claim Period"** means between January 1, 2009 and December 31, 2017.

    5. At the Final Fairness Hearing on _____, 2018, the Court fulfilled its duties to independently evaluate the fairness, reasonableness, and adequacy of, *inter alia*, the Settlement and the Notice of Settlement provided to the Settlement Class, considering not only the pleadings and arguments of Class Representative and Defendant and their respective Counsel, but also the

7

concerns of any objectors and the interests of all absent Class Members. In so doing, the Court considered arguments that could reasonably be made against, *inter alia*, approving the Settlement and the Notice of Settlement, even if such argument was not actually presented to the Court by pleading or oral argument.

6. The Court further finds that due and proper notice, by means of the Notice and Summary Notice, was given to the Settlement Class in conformity with the Settlement Agreement and Preliminary Approval Order. The form, content, and method of communicating the Notice disseminated to the Settlement Class and the Summary Notice published pursuant to the Settlement Agreement and the Preliminary Approval Order: (i) constituted the best practicable notice under the circumstances; (ii) constituted notice reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the litigation, the Settlement, their right to exclude themselves from the Settlement, their right to object to the Settlement or any part thereof, and their right to appear at the Final Fairness Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to such notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, the Due Process protections of the State of Oklahoma, and any other applicable law. Therefore, the Court approves the form, manner, and content of the Notice and Summary Notice used by the Parties. The Court further finds that all Class Members have been afforded a reasonable opportunity to request exclusion from the Settlement Class or object to the Settlement.

7. Pursuant to and in accordance with Federal Rule of Civil Procedure 23, the Settlement, including, without limitation, the consideration paid by Defendant, the covenants not to sue, the releases, and the dismissal with prejudice of the Released Claims against the Released

8

Parties as set forth in the Settlement Agreement, is finally approved as fair, reasonable and adequate and in the best interests of the Settlement Class. The Settlement Agreement was entered into between the Parties at arm's-length and in good faith after substantial negotiations free of collusion. The Settlement fairly reflects the complexity of the Claims, the duration of the Litigation, the extent of discovery, and the balance between the benefits the Settlement provides to the Settlement Class and the risk, cost, and uncertainty associated with further litigation and trial. Serious questions of law and fact remain contested between experienced counsel and parties alert to defend their interests. The Settlement provides a means of gaining immediate valuable and reasonable compensation and forecloses the prospect of uncertain results after many more months or years of additional discovery and litigation. The considered judgment of the Parties, aided by experienced legal counsel, supports the Settlement. The Parties, the Settlement Administrator, and the Escrow Agent are hereby authorized and directed to comply with and to cause the consummation of the Settlement in accordance with the Settlement Agreement, and the Clerk of this Court is directed to enter and docket this Judgment in the Litigation.

8.     By agreeing to settle the Litigation, Defendant does not admit, and instead specifically denies, that the Litigation could have otherwise been properly maintained as a contested class action, and specifically denies any and all wrongdoing and liability to the Settlement Class, Class Representative, and Plaintiff's Counsel.

9.     The Court finds that on _____, 2017, Defendant caused notice of the Settlement to be served on the appropriate state official for each state in which a Class Member resides, and the appropriate federal official, as required by and in conformance with the form and content requirements of 28 U.S.C. § 1715. In connection therewith, the Court has determined that, under 28 U.S.C. 28 § 1715, the appropriate state official for each state in which a Class

9

Member resides was and is the State Attorney General for each such state, and the appropriate federal official was and is the Attorney General of the United States. Further, the Court finds it was not feasible for Defendant to include on each such notice the names of each of the Class Members who reside in each state and the estimated proportionate share of each such Class Members to the entire Settlement as provided in 28 U.S.C. § 1715(b)(7)(A); therefore, each notice included a reasonable estimate of the number of Class Members residing in each state and the estimated proportionate share of such Class Members. No appropriate state or federal official has entered an appearance or filed an objection to the entry of final approval of the Settlement. Thus, the Court finds that all requirements of 28 U.S.C. § 1715 have been met and complied with and, as a consequence, no Class Member may refuse to comply with or choose not to be bound by the Settlement and this Court's Orders in furtherance thereof, including this Judgment, under the provisions of 28 U.S.C. § 1715.

10.     The Litigation and the Petition and all claims included therein, as well as all Released Claims, are dismissed with prejudice as to the Released Parties. The Court finds that Defendant has agreed not to file a claim against Plaintiff or Plaintiff's Counsel based upon an assertion that the Litigation was brought by Plaintiff or Plaintiff's Counsel in bad faith or without a reasonable basis. Similarly, the Court finds that Plaintiff has agreed not to file a claim against Defendant or Defendant's Counsel based upon an assertion that the Litigation was defended by Defendant or Defendant's Counsel in bad faith or without a reasonable basis. All Class Members who have not validly and timely submitted a Request for Exclusion to the Settlement Administrator as directed in the Notice of Settlement and Preliminary Approval Order (i) on behalf of the Releasing Parties are hereby deemed to have finally, fully, and forever conclusively released, relinquished, and discharged all of the Released Claims against the Released Parties

and (ii) are barred and permanently enjoined from, directly or indirectly, on the Class Member's behalf or through others, suing, instigating, instituting, or asserting against the Released Parties any claims or actions on or concerning the Released Claims based in whole or in part on any facts existing during in the Claim Period. Neither Party will bear the other's Party's litigation costs, costs of court, or attorney's fees. The Court orders that Defendant shall be allowed to a refund of the Residual Unclaimed Funds pursuant to the procedures and at the time specified in the Settlement Agreement.

11. The Court also approves the efforts and activities of the Settlement Administrator, [INSERT NAME], and the Escrow Agent, [INSERT NAME] in assisting with certain aspects of the administration of the Settlement, and directs them to continue to assist Class Representative in completing the administration and distribution of the Settlement in accordance with the Settlement Agreement, this Judgment, any Plan of Allocation approved by the Court, and the Court's other orders.

12. Nothing in this Judgment shall bar any action or claim by Class Representative or Defendant to enforce or effectuate the terms of the Settlement Agreement or this Judgment.

13. If it has not already occurred, the Settlement Administrator is directed to refund to Defendant the amount attributable to Class Members who timely and properly submitted a Request for Exclusion or who were otherwise excluded from the Settlement Class by order of the Court. The amount of such refund must be calculated in accordance with paragraph 6.4 of the Settlement Agreement.

14. This Judgment, the Settlement, and the Settlement Agreement—including any provisions contained in or exhibits attached to the Settlement Agreement; any negotiations, statements, or proceedings in connection therewith; or any action undertaken pursuant thereto—

11

shall not be admissible in any action or proceeding for any reason, other than an action to enforce the terms of this Judgment or the Settlement (including, but not limited to defending or bringing an action based on the release provided for herein). The Judgment, the Settlement, and the Settlement Agreement are not and shall not be deemed, described, or construed to be or offered or received as evidence of a presumption, concession, declaration, or admission by any person or entity of the truth of any allegation made in the Litigation; the validity or invalidity of any claim or defense that was, could have been, or might be asserted in the Litigation; the amount of damages, if any, that would have been recoverable in the Litigation; or any liability, negligence, fault, or wrongdoing of any person or entity in the Litigation.

15. As separately set forth in detail in the Court's Plan of Allocation Order(s), the Allocation Methodology, the Initial Plan of Allocation, and distribution of the Net Settlement Fund among Class Members who were not excluded from the Settlement Class by timely filing a valid Request for Exclusion or other order of the Court are approved as fair, reasonable and adequate, and Class Counsel and the Settlement Administrator are directed to administer the Settlement in accordance with the Plan of Allocation Order(s) entered by the Court.

16. The Court finds that Class Representative, Defendant, and their Counsel have complied with the requirements of the Federal Rules of Civil Procedure as to all proceedings and filings in this Litigation. The Court further finds that Class Representative and Plaintiff's Counsel adequately represented the Settlement Class in entering into and implementing the Settlement.

17. Neither Defendant nor Defendant's Counsel has any liability or responsibility to Plaintiff, Plaintiff's Counsel, or the Settlement Class with respect to the Gross Settlement Fund or its administration, including but not limiting to any distributions made by the Escrow Agent or

12

Settlement Administrator. Except as described in paragraph 6.19 of the Settlement Agreement, no Class Member shall have any claim against Plaintiff's Counsel, the Settlement Administrator, the Escrow Agent, or any of their respective designees or agents based on the distributions made substantially in accordance with the Settlement Agreement, the Court's Plan of Allocation Order(s), or other orders of the Court.

18.     Any Class Member who receives a Distribution Check that he/she is not legally entitled to receive is hereby ordered to either (1) pay the appropriate portion(s) of the Distribution Check to the person(s) legally entitled to receive such portion(s) or (2) return the Distribution Check uncashed to the Settlement Administrator.

19.     All matters regarding the administration of the Escrow Account and the taxation of funds in the Escrow Account or distributed from the Escrow Account shall be handled in accordance with Section 5 of the Settlement Agreement.

20.     Any order approving or modifying any Plan of Allocation Order, the application by Class Counsel for an award of attorneys' fees or reimbursement of Litigation Expenses, or the request of Class Representative for a Case Contribution Award shall be handled in accordance with the Settlement Agreement and the documents referenced therein (to the extent the Settlement Agreement and documents referenced therein address such an order).

21.     Plaintiff's Counsel, Plaintiff, and the Settlement Class will only be liable for loss of any portion of the Escrow Account as described in paragraph 6.19 of the Settlement Agreement.

22.     Without affecting the finality of this Judgment in any way, the Court (along with any appellate court with power to review the Court's orders and rulings in the Litigation) reserves exclusive and continuing jurisdiction over the Litigation, Class Representative, the

Settlement Class, Defendant, and the other Released Parties for the purposes of: (i) supervising and/or determining the fairness and reasonableness of the implementation, enforcement, construction, and interpretation of the Settlement, the Settlement Agreement, any Plan of Allocation Order entered by the Court, and this Judgment; (ii) hearing and determining any application by Class Counsel for an award of Plaintiff's attorneys' fees, and Litigation Expenses and/or a Case Contribution Award for Class Representative, if such determinations were not made at the Final Fairness Hearing; (iii) supervising the distribution of funds from the Escrow Account; (iv) resolving any dispute regarding a Party's right to terminate the Settlement pursuant to the Settlement Agreement; (v) enforcing the terms of the Settlement, including the entry of injunctive or other relief to enforce, implement, administer, construe and interpret the Settlement Agreement and Supplemental Agreements; and (vi) exercising jurisdiction over any challenge to the Settlement on any basis whatsoever.

23.     In the event the Settlement is terminated as the result of a successful appeal of this Judgment or does not become Final and Non-Appealable in accordance with the terms of the Settlement Agreement for any reason whatsoever, then this Judgment and all orders previously entered in connection with the Settlement shall be rendered null and void and shall be vacated to the extent provided by and in accordance with the Settlement Agreement. The provisions of the Settlement Agreement relating to termination of the Settlement Agreement shall be complied with, including the refund of amounts in the Escrow Account to Defendant and the refund by Plaintiff's Counsel into the Escrow Account of any amounts previously paid to them from the Escrow Account.

24.     In the event that Class Representative, Defendant, or any of the Released Parties institute any legal action against the other to enforce any provision of the Settlement Agreement

14

or this Judgment, the prevailing party or parties shall be entitled to recover from the non-prevailing party or parties reasonable attorneys' fees and costs incurred in connection with any such action.

25.    The claims asserted by Class Representative in this Litigation are hereby DISMISSED WITH PREJUDICE to the refiling of the same or any portion thereof by or against the Released Parties. The Court retains jurisdiction pursuant to paragraph 20 above to administer the Settlement distribution process as contemplated in the Court's separate Plan of Allocation Order(s), to administer other aspects of the Settlement as described in the Settlement Agreement, and to issue additional orders pertaining to, *inter alia*, Class Counsel's request for Plaintiff's attorneys' fees and reimbursement of reasonable Litigation Expenses and Class Representative's request for a Case Contribution Award. Notwithstanding the Court's jurisdiction to issue additional orders in this Litigation, this Judgment fully disposes of all claims as to Defendant and is therefore a final appealable judgment. The Court further hereby expressly directs the Clerk of the Court to file this Judgment as a final order and final judgment in this Litigation.

26.    [IF OBJECTION(S) ARE MADE – ADDITIONAL LANGUAGE TO BE DETERMINED BASED ON OBJECTION(S)]

IT IS SO ORDERED.

Dated this ___ day of _____, 2018.


_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE

**APPROVED AS TO FORM**

**PLAINTIFF'S COUNSEL:**

_____

Bradley E. Beckworth
bbeckworth@nixlaw.com
Jeffrey Angelovich
jangelovich@nixlaw.com
Andrew G. Pate
dpate@nixlaw.com
Trey Duck
tduck@nixlaw.com
NIX, PATTERSON & ROACH, LLP
3600 North Capital of Texas Highway
Suite 350, Building B
Austin Texas, 78746
(512) 328-5333
(512) 328-5335

Susan Whatley
swhatley@nixlaw.com
NIX, PATTERSON & ROACH, LLP
205 Linda Drive
Daingerfield, TX 75638
(903) 645-7333 telephone
(903) 645-4415 facsimile

Patrick M. Ryan, OBA No. 7864
Phillip G. Whaley, OBA No. 13371
Jason A. Ryan, OBA No. 18824
Paula M. Jantzen, OBA No. 20464
RYAN WHALEY COLDIRON
JANTZEN PETERS & WEBBER PLLC
900 Robinson Renaissance
119 North Robinson
Oklahoma City, OK 73102
Telephone: 405-239-6040
Facsimile: 405-239-6766
pryan@ryanwhaley.com
pwhaley@ryanwhaley.com
jryan@ryanwhaley.com
pjantzen@ryanwhaley.com

Michael Burrage
Mburrage@whittenburragelaw.com
WHITTEN BURRAGE
1215 Classen Dr.
Oklahoma City, OK 73103
(405) 516-7800
(405) 516-7859

Lawrence R. Murphy, Jr.
Lmurphy@richardsconnor.com
RICHARDS & CONNOR, PLLP
525 S Main St. 12th Floor
Tulsa, OK 74103
(918) 585-2394
(918) 585-1449

*-and-*

**DEFENDANT'S COUNSEL:**

_____

Jeffrey C. King
Jking@winstead.com
Elizabeth L. Tiblets
etiblets@winstead.com
WINSTEAD PC
300 Throckmorton, Ste 1700
Fort Worth, TX 76102
(817) 420-8200
(817) 420-8201

Christopher A. Brown
Cabrown@winstead.com
WINSTEAD PC
2728 N Harwood, Ste 500
Dallas, TX 75201
(214) 745-5400
(214) 745-5390

Mark Banner
Mbanner@hallestill.com
HALL ESTILL HARDWICK GABLE GOLDEN & NELSON
320 S Boston Ave, Ste 200
Tulsa, OK 74103
(918) 594-0400
(918) 594-0505

Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

DORSEY J. REIRDON,

     Plaintiff,

v.                            Case No. 6:16-CV-00087-KEW

XTO ENERGY INC.,

     Defendant.

## NOTICE OF PROPOSED SETTLEMENT, MOTION FOR ATTORNEYS' FEES, AND FAIRNESS HEARING

*A court authorized this Notice. This is not a solicitation from a lawyer.*

> *If you belong to the Settlement Class and this Settlement is approved, your legal rights will be affected whether you act or not.* Read this Notice carefully to see what your rights and options are in connection with this Settlement.[1]

- On _____, 2017, the Court preliminarily approved a Settlement in the above-captioned litigation (the "Litigation") between Plaintiff, Dorsey J. Reirdon ("Plaintiff"), on behalf of himself and the Settlement Class, and XTO Energy Inc. ("Defendant"). Capitalized terms not otherwise defined in this notice shall have the meanings attributed to those terms in the Settlement Agreement referred to below.

- Defendant has agreed to pay $20,000,000.00 in cash ("Gross Settlement Fund") plus certain future benefits ("Future Benefits"), which are estimated by Plaintiff to have a net present value of at least $20,000,000.00, in settlement of all claims alleged in the Litigation. Additionally, Defendant has agreed to pay up to $750,000 in Administration, Notice, and Distribution Costs associated with the Settlement. In exchange, the Settlement Class shall release any Released Claims (as defined below in the Answer to Question No. 2) the Releasing Parties may have against the Released Parties (as defined below in the Answer to Question No. 2). The Gross Settlement Fund, less Plaintiff's Attorneys' Fees, Litigation Expenses, any Case Contribution Award awarded by the Court, other costs approved by the Court, and the amount of money attributable to Class Members who are excluded from the Settlement Class (the "Net Settlement Fund"), will be distributed to Class Members who qualify for a distribution.

---

[1]   This Notice summarizes and is qualified in its entirety by the Stipulation and Agreement of Settlement ("Settlement Agreement") and the documents referenced therein, which set forth the terms of the Settlement. Please refer to the Settlement Agreement for a complete description of the terms and provisions thereof. A copy of the Settlement Agreement is available at www.reirdonxtoenergy.com.

- The Settlement Class definition and exceptions are listed below in Question No. 5: "**How do I know whether I am part of the Settlement Class?**" and Question No. 6: "**Are there other exceptions to being included?**"

- Defendant does not believe it paid statutory interest incorrectly, paid royalty untimely, or violated any laws, and denies any liability and all allegations of wrongdoing asserted. Plaintiff and Defendant disagree on the amount of damages, if any, that could have been recovered if the Settlement Class prevailed on any of its claims at trial. In addition, Defendant does not agree that it would be appropriate to certify the claims asserted by Plaintiff on behalf of the Settlement Class in a contested class action.

- Counsel for Plaintiff ("Plaintiff's Counsel") intends to seek an award of attorneys' fees up to $_____ to be paid from the Gross Settlement Fund. Plaintiff's Counsel have been litigating this case for over one and a half years without any payment whatsoever, advancing hundreds of thousands of dollars in labor and expense. Plaintiff's Counsel will also request reimbursement of the expenses they have incurred in connection with the prosecution of this Litigation, and will incur through final distribution, which will not exceed $_____ and will be paid from the Gross Settlement Fund. In addition, Plaintiff intends to seek a Case Contribution Award of up to $_____ to be paid from the Gross Settlement Fund for his representation of the Class.

- In reaching the Settlement, Plaintiff and Defendant have avoided the uncertainty, cost and time of a contested class certification proceeding and trial. Plaintiff has agreed to the Settlement to avoid the risk that the Settlement Class could not be certified in a contested class action and that some or all of the claims of the Settlement Class against Defendant could be dismissed.

- Further information regarding the Settlement and this Notice may be obtained by contacting Plaintiff's Counsel: Nix, Patterson & Roach, LLP, 205 Linda Drive, Daingerfield, Texas 75638; Telephone: 903-645-7333, Attn: Reirdon-XTO Settlement. Please reference the Reirdon-XTO Settlement if you write or call.

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **You Do Not Need To Take Further Action To Participate In The Settlement** | If the Settlement is approved, you do not need to take any further action to participate in the Settlement and receive a payment. The portion of the Net Settlement Fund to which you are entitled will be calculated as part of the administration of the Settlement. |
| **Exclude Yourself (by _____, 2018 at 5 p.m. CDT)** | If you do not wish to be a member of the Settlement Class, you *must* exclude yourself (as described below in Answer to Question No. 13 and in the Settlement) and you *will not* receive any payment from the Settlement Fund. You cannot bring or be part of another lawsuit or arbitration against any of the Released Parties based on any Released Claims unless you exclude yourself from the Settlement Class. |
| **Object (by _____, 2018 at 5 p.m. CDT)** | If you do not exclude yourself and you wish to object to any part of the Settlement, the attorneys' fees or litigation costs requested by Plaintiff's Counsel, or the Case Contribution Award requested by Plaintiff, you may (as discussed below in Answer to Question No. 18 and in the Settlement) write to the Court about your objections. |

| | |
|---|---|
| **Attend the Final Fairness Hearing (to be held on _____, 2018)** | If you have submitted a valid and timely written objection to any aspect of the Settlement, the attorneys' fees or litigation expenses requested by Plaintiff's Counsel, or the Case Contribution Award requested by Plaintiff, you may (but do not have to) attend the Final Fairness Hearing and present your objections to the Court at that hearing (as described below in Answer to Question No. 22 and in the Settlement Agreement). |
| **Do Nothing** | If you are a Class Member and do nothing, you will be bound by the terms of the Settlement as set forth in the Settlement Agreement and the documents referenced therein, will be bound by the release of and agreement not to sue the Released Parties, will receive your portion of the Net Settlement Fund (if any), and will not be able to bring or pursue any Released Claims in any other lawsuit or arbitration. It is your responsibility to familiarize yourself with the Settlement and all other documents regarding the Settlement that can be found at www.reirdonxtoenergy.com. |

- **These rights and options—and the deadlines to exercise them—are explained in this Notice and in the Settlement Agreement. Please note that the date of the Final Fairness Hearing—currently scheduled for _____, 2018—is subject to change without further notice. If you plan to attend the Final Fairness Hearing, you should check the Court's docket or www.reirdonxtoenergy.com to be sure no change to the date and time of the hearing has been made.**

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made to Class Members only if the Court approves the Settlement and that approval is upheld in any appeals that may be filed.

---

## WHAT THIS NOTICE CONTAINS

Summary of Settlement....................................................................................................[ ]
Basic Information...........................................................................................................[ ]
  1.    Why did I get this Notice package? ...............................................................[ ]
  2.    What is the Litigation about? .........................................................................[ ]
  3.    Why is this case a class action? ...................................................................[ ]
  4.    Why is there a Settlement? ...........................................................................[ ]
  5.    How do I know whether I am part of the Settlement Class? .........................[ ]
  6.    Are there other exceptions to being included? .............................................[ ]
  7.    I am still not sure whether I am included. ......................................................[ ]
The Settlement Benefits - What You Receive ..............................................................[ ]
  8.    What does the Settlement provide? ...............................................................[ ]
  9.    How much will the cash portion of my payment be? ....................................[ ]
  10.  How can I get a payment? .............................................................................[ ]
  11.  When would I get my payment? ....................................................................[ ]
  12.  What is the effect of my remaining in the Settlement Class? .......................[ ]
  13.  How do I get out of the Settlement and not release my claims? ..................[ ]
  14.  If I don't exclude myself from the Settlement Class, can I sue the Released Parties for the same thing later? ...............................................................................[ ]

    15.    If I exclude myself, can I get money from this Settlement in connection with the
           Litigation? ............................................................................................................. [ ]

**The Lawyers Representing You**........................................................................................[ ]
    16.    Do I have a lawyer in the case? ........................................................................ [ ]
    17.    How will the lawyers be paid? ........................................................................... [ ]

**Objecting to the Settlement, Plan of Allocation, Attorneys' Fees and Expenses, and Plaintiff'**
**Case Contribution Awards** ................................................................................................. [ ]
    18.    How do I tell the Court that I do not like any aspect of the Settlement?......................... [ ]
    19.    What's the difference between objecting and excluding myself? ................................. [ ]
    20.    When and where will the Court decide whether to approve the Settlement? ............... [ ]
    21.    Do I have to come to the hearing? ..................................................................... [ ]
    22.    May I speak at the hearing? .............................................................................. [ ]

**If You Do Nothing**.............................................................................................................[ ]
    23.    What happens if I do nothing at all? .................................................................... [ ]

**Getting More Information** ...............................................................................................[ ]
    24.    Are there more details about the Settlement? ........................................................ [ ]
    25.    How do I get more information? .......................................................................... [ ]

## BASIC INFORMATION

### 1. Why did I get this Notice package?

       You are being sent this Notice because you may be a member of the Settlement Class in the Litigation as described herein. Payment history records reflect that you have received payments from Defendant (or someone paying royalty on Defendant's behalf) for oil and gas production proceeds from oil and gas wells in Oklahoma during the Claim Period (as defined in the Settlement Agreement and in the answer to Question No. 2). This Notice is not intended to be, and should not be construed as, an expression of any opinion with respect to the merits of the allegations in the Petition filed in the Litigation. This Notice explains the claims being asserted in the Litigation, explains the Settlement, explains your right to remain a member of the Settlement Class (see Answer to Question No. 12), explains your right to opt out of the Settlement Class and be excluded from the Settlement (see Answer to Question No. 13), and explains your right to object to the Settlement (see Answer to Question No. 18).

       The Court caused this Notice to be sent to you because, if you fall within this group and are not otherwise excluded from the Settlement Class, your rights will be affected and you have a right to know about the proposed Settlement, and about all of your options, before the Court decides whether to approve the Settlement. If the Court approves it, after any objections and appeals are resolved, the Court-appointed Settlement Administrator will cause payments to be made to Class Members in accordance with the Settlement Agreement.

       This Notice package describes the Litigation, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

       The Court in charge of this Litigation is the United States District Court for the Eastern District of Oklahoma. The person prosecuting this Litigation on behalf of the Class is called the "Plaintiff" and the company it is suing is called the "Defendant." This case, also called the "Litigation," is known as *Dorsey J. Reirdon v. XTO Energy Inc.*, Case No. 6:16-cv-00087-KEW.

### 2. What is the Litigation about?

       The Litigation seeks damages for Defendant's alleged failure to pay statutory interest on

royalty payments made by Defendant (or on behalf of Defendant) outside the time periods set forth in the Production Revenue Standards Act, 52 Okl. St. §570.10 (the "PRSA") for oil and gas production proceeds from oil and gas wells in Oklahoma. Specifically, in his Petition, Plaintiff alleges Defendant: (1) failed to pay statutory interest on royalty payments made outside the time periods set forth in the PRSA; (2) awaited a demand prior to paying statutory interest under the PRSA; (3) misrepresented and/or omitted the amount of statutory interest owed; and (4) is liable to Class Members for breach of the PRSA, actual fraud, constructive fraud, deceit, unjust enrichment/disgorgement, accounting, punitive damages, and injunctive relief.

Defendant expressly denies all of Plaintiff's factual and legal allegations. Defendant also expressly denies all Plaintiff's allegations that it has done anything wrong, breached the PRSA, committed any type of fraud, been deceitful, or been unjustly enriched. Defendant also denies that is liable to Plaintiff or any of the Class Members for any of the claims and allegations in the Litigation or it would be appropriate to award any type of damages, an accounting, or injunctive relief.

The Court has made no determination with respect to any of the parties' claims or defenses.

A more complete description of the Litigation, its status, and the rulings made in the Litigation are available in the pleadings and other papers maintained by the United States District Court for the Eastern District of Oklahoma, located at 101 North 5th Street, Muskogee, Oklahoma 74401, in the file for Case No. 6:16-cv-00087-KEW. Some of the relevant pleadings are additionally located on the website found at www.reirdonxtoenergy.com. Should you have questions regarding the status, rulings or issues in the Litigation, such questions can be submitted as set forth below.

### Release

If the Court enters a final order approving the Settlement, all Class Members, on behalf of the "Releasing Parties," will release any "Released Claims" they have against the "Released Parties." This means that if you remain a member of the Settlement Class, any and all claims related to underpaid and unpaid statutory interest under Oklahoma law for royalty payments made during the Claim Period will be released and discharged.

"**Claim Period**" means between January 1, 2009 and December 31, 2017.

"**Released Claims**" include all claims under Oklahoma law that the Releasing Parties may have against the Released Parties related solely to underpaid and unpaid statutory interest on royalty payments and overriding royalty payments made by Defendant (or any person or entity making royalty or overriding royalty payments on behalf of Defendant) during the Claim Period that were allegedly late according to the time periods set forth in the Production Revenue Standards Act, 52 Okl. St. §570.1, *et seq.* (the "PRSA"). Without limiting the foregoing, the Released Claims include any and all causes of action, choses in action, demands, debts, obligations, duties, liens, liabilities, and theories of liability and recovery of whatsoever kind and nature, whether based in contract or tort, whether arising in equity or under the common law, whether by statute or regulation, whether known or unknown, whether asserted by the Settlement Class in the past, present, or future, and whether contingent, prospective, or matured, whether for actual or punitive damages relief, interest, injunctive relief, declaratory relief, equitable relief, or any other type of relief, that are, were, or could have been asserted in the Litigation and relate to underpaid and unpaid statutory interest on royalty payments and overriding royalty payments made by Defendant (or any person or entity making royalty or overriding royalty payments on behalf of Defendant) during the Claim Period where such payments were allegedly late under the PRSA. The Released Claims specifically include all claims that a Releasing Party could make with regard to: (1) any failure to pay or delay in paying statutory interest on royalty payments and overriding royalty payments that the Releasing Party asserts were made

outside the time periods set forth in the PRSA; (2) any payment of statutory interest the Releasing Party contends was less than the amount of statutory interest due under the PRSA; (3) any requirement that a request from a payee be made prior to paying statutory interest under the PRSA (or any delay in paying statutory interest until a request was made); (4) any misrepresentation and/or omission regarding the amount of statutory interest owed to a Class Member; and (5) any breach of the PRSA, actual fraud, constructive fraud, deceit, unjust enrichment/disgorgement, accounting, actual damages, punitive damages, and injunctive relief, insofar as any such claim arises from any underpaid and unpaid statutory interest on royalty payments and overriding royalty payments made by Defendant (or any person or entity making royalty or overriding royalty payments on behalf of Defendant) where such payments were allegedly late under the PRSA.

The Released Claims do not include claims related to royalty or overriding royalty payments made outside of the Claim Period. The Released Claims also specifically do not include: (a) claims for statutory interest on routine prior period adjustments made outside of the Claim Period that were caused by any volumetric adjustments, value adjustments, or mathematical errors that were made by Defendant; (b) claims that Defendant breached obligations to Class Members to develop Oklahoma oil and gas leases and failure to prevent offset drainage; and (c) claims for statutory interest allegedly owed on any unclaimed royalty payments Defendant has submitted to the State of Oklahoma pursuant to the Uniform Unclaimed Property Act or to any other state under a similar statute.

In addition, a Class Member's Released Claims do not include the *Chieftain*-Related Claims. This provision regarding the *Chieftain*-Related Claims is subject to the express understanding of the Parties that it does not apply to the extent the *Chieftain*-Related Claims or the damages sought in *Chieftain* are the same as those asserted or sought in the Litigation. Stated another way, in the event the claims asserted or damages sought in the Litigation and those asserted or sought in *Chieftain* are the same, then all such claims or damages are included in this Settlement Agreement as a Released Claim.

**"Released Parties"** means Defendant; its predecessors, successors, heirs, assignors, and assignees; any person or entity who made royalty payments or overriding royalty payments on behalf of Defendant or its predecessors, successors, heirs, and assigns; and any past and present affiliates, directors, officers, employees, attorneys, agents, consultants, servants, stockholders, members, representatives, subsidiaries, and affiliates of the foregoing persons or entities.

**"Releasing Parties"** means the Class Member; its predecessors, successors, heirs, assignors, and assignees; and any past and present affiliates, officers, employees, attorneys, agents, consultants, servants, stockholders, members, representatives, subsidiaries, and affiliates of such persons or entities.

| 3. Why is this case a class action? |
| --- |

In a class action, one or more plaintiffs sue on behalf of people who have similar claims. All of the individuals and entities on whose behalf the plaintiffs are suing are class members. One court resolves the issues for all class members, except for those who choose to exclude themselves from the class. Here, United States Magistrate Judge Kimberly E. West is presiding over the Litigation.

| 4. Why is there a Settlement? |
| --- |

The Court has not reached a final judgment as to whether the Settlement Class could be certified as a contested class action or has proved or can prove its claims against the Released Parties. It would likely take several more years before a contested class certification proceeding and trial on the merits could be held, final judgment entered, and appeals exhausted. Instead, Plaintiff and Defendant have agreed to the Settlement in order to resolve the Litigation. In reaching the Settlement, both sides have avoided the risk, cost and time of a trial, and Plaintiff has avoided any

further delay in resolving the Litigation. In addition, as with any litigated case, Plaintiff would face an uncertain outcome if this Litigation went to trial. On the one hand, a trial could result in a verdict greater than the Settlement. On the other hand, Defendant has asserted many defenses, and a trial could result in a judgment in favor of Defendant or a verdict lower than the Settlement Amount that Plaintiff has obtained, or even no recovery at all for Plaintiff and the Settlement Class. Based on these factors and others, Plaintiff and Plaintiff's Counsel believe the Settlement is best for all Class Members.

## 5. How do I know whether I am part of the Settlement Class?

The Settlement Class consists of the following individuals and entities, subject to the exceptions listed in the answer to Question No. 6 below:

All non-excluded persons or entities who between January 1, 2009 and October 31, 2017 received royalty and/or overriding royalty payments from Defendant (or Defendant's designee) for oil and gas production proceeds from oil and gas wells in Oklahoma.

## 6. Are there other exceptions to being included?

The persons or entities excluded from the Settlement Class are: (1) persons or entities who have received only working interest payments during the Claim Period; (2) agencies, departments, or instrumentalities of the United States of America and the State of Oklahoma; (3) publicly traded oil and gas companies and their affiliates; (4) persons or entities that Plaintiff's Counsel are prohibited from representing under Rule 1.7 of the Oklahoma Rules of Professional Conduct, including, but not limited to, Charles David Nutley and Danny George (who Plaintiff's Counsel cannot represent because such representation would create a concurrent conflict of interest); and (5) officers of the Court.

Also, you are not a Class Member if you exclude yourself from the Settlement Class by submitting a valid and timely request for exclusion in accordance with the requirements set forth in this Notice and in the Settlement. The procedure for requesting exclusion from the Settlement Class is described below in the Answer to Question No. 13.

## 7. I am still not sure whether I am included.

If you are still not sure whether you are included, you can ask for help, which will be provided to you at no cost. You can call the Settlement Administrator at [INSERT PHONE NUMBER], or write to the following address:

Reirdon-XTO Settlement
c/o _____, Settlement Administrator
_____
_____

## THE SETTLEMENT BENEFITS – WHAT YOU RECEIVE
## 8. What does the Settlement provide?

In consideration of the Settlement, Defendant has agreed to pay $20,000,000.00 in cash. In addition, Defendant has agreed to, commencing on the later of (i) December 31, 2017 or (ii) the Effective Date and continuing unless or until there is a change in the law, implement new procedures and policies for paying statutory interest to royalty interest owners and overriding royalty interest

owners in Oklahoma without awaiting a request for such statutory interest. See the Settlement Agreement for full details. Plaintiff estimates these Future Benefits have a net present value of at least $20,000,000.00.

The Settlement, if approved, will result in the dismissal of the Petition against Defendant and the release by all Class Members of all the Released Claims the Releasing Parties may have against the Released Parties, as defined above in Answer to Question No. 2. The Net Settlement Fund will be distributed to the Class Members who are not excluded from the Settlement Class in accordance with the provisions of the Allocation Methodology and Final Plan of Allocation, which is explained below in the Answer to Question No. 9. The Administration, Notice, and Distribution Costs referenced in paragraph 1.1 of the Settlement Agreement will be paid by Defendant, up to an amount of $750,000.00. The Gross Settlement Fund will bear any such costs exceeding $750,000.00.

### 9. How much will the cash portion of my payment be?

The Net Settlement Fund shall be allocated to Class Members on the following basis:

With the Court's approval, Plaintiff's Counsel will first allocate the Net Settlement Fund to individual Class Members who are participating in the Settlement proportionately based on the amount of statutory interest owed on the original underlying royalty or overriding royalty payment (if any) that allegedly occurred outside the time periods required by the PRSA, with due regard for the production date, the date the underlying royalty payment was made, the amount of the underlying royalty payment made, the time periods set forth in the PRSA, any additional statutory interest that Plaintiff's Counsel believes has since accrued, and the amount of interest or returns that have accrued on the Class Member's proportionate share of the Net Settlement Fund (if any) during the time such share was held in the Escrow Account. Whether you receive a portion of the Net Settlement Proceeds depends on a determination of these listed factors. Thus, receipt of this Notice and status as a Class Member does not guarantee you will receive a portion of the Net Settlement Proceeds under the Court-approved plan of allocation. This allocation is subject to modification by Plaintiff's Counsel and final approval by the Court.

**If you have questions about the tax consequences of participating in the Settlement, you should consult with your own tax advisor.**

### 10. How can I get a payment?

If you do **not** exclude yourself pursuant to the procedure set forth in Answer to Question No. 13 below, **YOU DO NOT NEED TO TAKE ANY ACTION WHATSOEVER** to receive your portion of the Net Settlement Fund (if any).

### 11. When would I get my payment?

Payment to Class Members is contingent on several matters, including the Court's approval of the Settlement and that approval becoming final and no longer subject to any appeal to any court, as set forth more specifically in paragraph 1.14 of the Settlement Agreement.

The Net Settlement Fund will be distributed by the Settlement Administrator as soon as reasonably possible after final approval has been obtained for the Settlement and any appeals are exhausted. The Settlement Agreement specifies deadlines for distributing the Net Settlement Fund. Any appeal of final approval could take well in excess of one year. It is not anticipated that any meaningful interest will accrue on the Net Settlement Fund. The Settlement may be terminated on

several grounds, including if the Court does not approve or materially modifies the terms of the Settlement. If the Settlement is terminated, the Litigation will proceed as if the Settlement had not been reached.

You may receive information about the progress of the Settlement by visiting the website at www.reirdonxtoenergy.com, or by calling _____ or writing to: *Reirdon-XTO Settlement*, c/o _____, Settlement Administrator, _____.

## 12. What is the effect of my remaining in the Settlement Class?

Unless you exclude yourself from the Settlement Class, if the Settlement is approved, you will be a Class Member. As a Class Member, you will receive any portion of the Net Settlement Fund allocated to you and will be bound by all orders and judgments entered by the Court regarding the Settlement. If the Settlement is approved, you will not be able to sue, continue to sue, or be part of any other lawsuit against any of the Released Parties concerning any of the Released Claims.

## 13. How do I get out of the Settlement and not release my claims?

To get out of the Settlement, you must exclude yourself from the Settlement Class. To exclude yourself from the Settlement Class, you must file with the Court and send by certified mail, return receipt requested, to Defendant's Counsel, Plaintiff's Counsel, and the Settlement Administrator a written statement that you want to be excluded from the Settlement Class in *Reirdon v. XTO Energy Inc.* In addition to the other information specified in the rest of this answer, your statement must include your name, address, telephone number, and notarized signature, and must be filed and received no later than _____, 2018 at 5 p.m. CDT. Your written statement must be sent to:

### Plaintiff's Counsel:

Bradley E. Beckworth
Jeffrey J. Angelovich
Andrew G. Pate
Trey Duck
NIX, PATTERSON & ROACH, LLP
3600 N Capital of Texas Hwy
Austin, TX 78746

Patrick M. Ryan, OBA No. 7864
Phillip G. Whaley, OBA No. 13371
Jason A. Ryan, OBA No. 18824
Paula M. Jantzen, OBA No. 20464
RYAN WHALEY COLDIRON
JANTZEN PETERS & WEBBER PLLC
900 Robinson Renaissance
119 North Robinson
Oklahoma City, OK 73102
Telephone: 405-239-6040
Facsimile: 405-239-6766

### Defendant's Counsel:

Jeffrey C. King
Elizabeth L. Tiblets
Christopher A. Brown
WINSTEAD, PC
300 Throckmorton, Ste 1700
Fort Worth, TX 76102

Mark Banner
HALL ESTILL HARDWICK GABLE
GOLDEN & NELSON
320 S Boston Ave, Ste 200
Tulsa, OK 74103

Michael Burrage
WHITTEN BURRAGE
512 N. Broadway Ave., Ste 300
Oklahoma City, OK 73102

Lawrence R. Murphy, Jr.
RICHARDS & CONNOR, PLLP
525 S Main St. 12th Floor
Tulsa, OK 74103

**Settlement Administrator**
*Reirdon-XTO Settlement*
c/o _____, Settlement Administrator

_____

_____

 **To be effective, your written request for exclusion must be FILED and RECEIVED at the above addresses no later than** _____**, 2018 at 5 p.m. CDT.** You cannot exclude yourself on the website, by telephone, facsimile or by e-mail. The letter must be signed by you under oath and acknowledged by a Notary Public. In the letter, you must identify your interest in any wells for which you have received royalty and/or overriding royalty payments from Defendant or anyone making payments on Defendant's behalf, including the name, well number, county in which the well is located, and the owner identification number. Any such letter also should state generally:

> Dear Judge, I want to exclude myself from the Settlement Class in *Dorsey J. Reirdon v. XTO Energy Inc.*, Case No. 6:16-cv-00087-KEW, United States District Court for the Eastern District of Oklahoma. I understand it will be my responsibility to pursue any claims I may have, if I so desire, on my own and at my expense.

 **If you do not follow these procedures—including meeting the date for exclusion set out above—you will not be excluded from the Settlement Class, and you will be bound by all of the orders and judgments entered by the Court regarding the Settlement, including the release of claims.** You must exclude yourself even if you already have a pending case against any of the Released Parties based upon any Released Claims.

 If you validly request exclusion as described above, you will not receive a Distribution, you cannot object to the Settlement, and you will not have released any claim against the Released Parties. You will not be legally bound by anything that happens in the Litigation. You will also not participate in any distribution of the Net Settlement Fund. Do not request exclusion if you wish to participate in the Settlement.

---

**14. If I don't exclude myself from the Class, can I sue the Released Parties for the same thing later?**

---

 No. Unless you exclude yourself from the Settlement Class in connection with the Litigation, you (and any other Releasing Parties) give up any right to sue any or all of the Released Parties for any Released Claims. If you have a pending lawsuit or arbitration against Defendant or any of its officers and/or directors or any other Released Parties, speak to the lawyer representing you in that case immediately. You must exclude yourself from this Settlement Class to continue your own lawsuit or arbitration against any of the Released Parties.

## 15. If I exclude myself, can I get money from this Settlement in connection with the Litigation?

No. If you exclude yourself from the Settlement Class, you may be able to sue, continue to sue, or be part of a different lawsuit or arbitration against the Released Persons, but you will not receive any money from the Settlement discussed in this Notice.

## THE LAWYERS REPRESENTING YOU

## 16. Do I have a lawyer in the case?

The law firms of (a) Nix, Patterson & Roach, LLP; (b) Ryan Whaley PLLC; (c) Whitten Burrage; and (d) Richards & Connor, PLLP represent the Plaintiff and all other Class Members in this Litigation. These lawyers are called Plaintiff's Counsel. You will not be charged directly by these lawyers. If the Court authorizes it, these lawyers will be paid in accordance with the Answer to Question No. 17 below. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 17. How will the lawyers be paid?

Plaintiff's Counsel intends to seek an award of attorneys' fees up to $_____ to be paid out of the Gross Settlement Fund. Plaintiff's Counsel has been litigating this case for over one and a half years without any payment whatsoever. At the Final Fairness Hearing, Plaintiff's Counsel will also seek reimbursement from the Gross Settlement Fund of the expenses incurred in connection with the prosecution of this Litigation, and which will be incurred through final distribution of the Settlement, which amount will not exceed $_____. Plaintiff intends to seek a Case Contribution Award relating to his representation of the Settlement Class, taking into account Plaintiff's time, effort, risk and burden, up to $_____. The Administration, Notice, and Distribution Costs referenced in paragraph 1.1 of the Settlement Agreement will also be paid by Defendant, up to an amount of $750,000.00. The Gross Settlement Fund will bear any such costs exceeding $750,000.00.

## OBJECTING TO THE SETTLEMENT, PLAN OF ALLOCATION, ATTORNEYS' FEES AND EXPENSES, AND PLAINTIFF'S CASE CONTRIBUTION AWARD

## 18. How do I tell the Court that I do not like any aspect of the Settlement?

If you are a Class Member and you do not exclude yourself, you can object to the Settlement if you do not like any part of it. You can give reasons why you think the Court should not approve the Settlement, Allocation Methodology, Initial Plan of Allocation, request for Plaintiff's attorneys' fees or reimbursement of Litigation Expenses, or Case Contribution Award to Plaintiff. To object, you must send a written statement to the Court, Plaintiff's Counsel, and Defendant's Counsel saying that you object to the proposed Settlement. You must include in your written statement:

(a) a heading referring to *Dorsey J. Reirdon v. XTO Energy Inc.*, Case No. 6:16-cv-00087-KEW, United States District Court for the Eastern District of Oklahoma;

(b) a statement as to whether you intend to appear at the Final Fairness Hearing, either in person or through counsel, and, if through counsel, counsel must be identified by name, address and telephone number (this statement must also comply with the requirement stated in Answer to Question No. 22 below);

(c) a detailed statement of the specific legal and factual basis for each and every objection;

(d) a list of any witnesses the objector wishes to call at the Final Fairness Hearing, together with a brief summary of each witness's expected testimony (to the extent the objector desires to offer expert testimony and/or an expert report, any such evidence must fully

comply with the Federal Rules of Civil Procedure, Federal Rules of Evidence, and the Local Rules of the Court);

(e) a list of and copies of any exhibits you may seek to use at the Final Fairness Hearing;

(f) a list of any legal authority you may present at the Final Fairness Hearing;

(g) your name, current address, current telephone number, and all royalty and overriding royalty owner identification numbers with Defendant;

(h) your signature executed before a Notary Public;

(i) identification of your interest in wells from which you have received royalty and/or overriding royalty payments by or on behalf of Defendant (by well name, payee well number, and county in which the well is located) during the Claim Period and identification of such royalty and/or overriding royalty payments by date of payment, date of production, and amount; and

(j) if you are objecting to any portion of the Plaintiff's attorneys' fees or Litigation Expenses sought by Plaintiff's Counsel on the basis that the amounts requested are unreasonably high, you must specifically state the portion of Plaintiff's attorneys' fees and/or Litigation Expenses you believe is fair and reasonable and the portion that is not.

**Your written objection must be filed with the Court and served on Plaintiff's Counsel and Defendant's Counsel by certified mail, return receipt requested, and received at the addresses below no later than          , 2018:**

**By the above date, your written objection must be ON FILE with the Court**:

Clerk of the Court
United States District Court for the Eastern District of Oklahoma
101 North 5th Street
Muskogee, Oklahoma 74401

**And, by the same date, copies of your written objection must be served and received by counsel at the addresses below:**

**Plaintiff's Counsel:**

Bradley E. Beckworth
Jeffrey J. Angelovich
Andrew G. Pate
Trey Duck
NIX, PATTERSON & ROACH, LLP
3600 N Capital of Texas Hwy
Austin, TX 78746


Patrick M. Ryan, OBA No. 7864
Phillip G. Whaley, OBA No. 13371
Jason A. Ryan, OBA No. 18824
Paula M. Jantzen, OBA No. 20464
RYAN WHALEY COLDIRON
JANTZEN PETERS & WEBBER PLLC
900 Robinson Renaissance
119 North Robinson
Oklahoma City, OK 73102

**Defendant's Counsel:**

Jeffrey C. King
Elizabeth L. Tiblets
Christopher A. Brown
WINSTEAD, PC
300 Throckmorton, Ste 1700
Fort Worth, TX 76102

Mark Banner
HALL ESTILL HARDWICK GABLE
GOLDEN & NELSON
320 S Boston Ave, Ste 200
Tulsa, OK 74103

Telephone: 405-239-6040
Facsimile: 405-239-6766

Michael Burrage
WHITTEN BURRAGE
512 N. Broadway Ave., Ste 300
Oklahoma City, OK 73102

Lawrence R. Murphy, Jr.
RICHARDS & CONNOR, PLLP
525 S Main St. 12th Floor
Tulsa, OK 74103

**UNLESS OTHERWISE ORDERED BY THE COURT, ANY SETTLEMENT CLASS MEMBER WHO DOES NOT OBJECT IN THE MANNER DESCRIBED HEREIN WILL BE DEEMED TO HAVE WAIVED ANY OBJECTION AND SHALL BE FOREVER FORECLOSED FROM MAKING ANY OBJECTON TO THE PROPOSED SETTLEMENT AND THE APPLICATION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES AND CASE CONTRIBUTION AWARD AND WILL NOT BE ALLOWED TO PRESENT ANY OBJECTIONS AT THE FINAL FAIRNESS HEARING.**

### 19. What's the difference between objecting and excluding myself?

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you are a Class Member. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself from the Settlement Class, you have no basis to object, because the Settlement no longer affects you. If you do not exclude yourself from the Settlement Class, you will remain a member of the Settlement Class and will be bound by the terms of the Settlement Agreement (including the release contained therein) and all orders and judgments entered by the Court regarding the Settlement regardless of whether the Court accepts or denies your objection.

### 20. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Fairness Hearing on _____, 2018, at ____.m. CDT, at the United States District Court for the Eastern District of Oklahoma, 101 North 5th Street, Muskogee, Oklahoma 74401. **Please note that the date of the Final Fairness Hearing is subject to change without further notice. If you plan to attend the hearing, you should check with the Court and www.reirdonxtoenergy.com to be sure no change to the date and time of the hearing has been made.** At this hearing, the Court will consider whether the Settlement is fair, reasonable and adequate. If there are objections, the Court will consider them at that time. After the Final Fairness Hearing, the Court will decide whether to approve the Settlement, the Allocation Methodology, and the Initial Plan of Allocation. The Court will also rule on the request for attorneys' fees and litigation expenses by Plaintiff's Counsel and the request for Case Contribution Award for Plaintiff relating to his representation of the Settlement Class. We do not know how long it will take the Court to make these decisions.

### 21. Do I have to come to the hearing?

No. Plaintiff's Counsel will answer any questions the Court might have for the Settlement Class. But you are welcome to come at your own expense. If you timely and properly file and serve an objection (see Answer to Question No. 18 above), you do not have to come to Court to talk about

it. As long as you properly file and serve your written objection on time, it will be before the Court when the Court considers whether to approve the Settlement as fair, reasonable and adequate. You also may pay your own lawyer to attend the Final Fairness Hearing, but attendance is not necessary. However, if you fail to timely and properly file and serve an objection, you will not be entitled to be heard at the Final Fairness Hearing regarding any objections.

## 22. May I speak at the hearing?

If you are a Class Member who has not requested to be excluded from the Settlement Class, you may ask the Court for permission to speak at the Final Fairness Hearing. To do so, you must send a letter or other paper called a "Notice of Intention to Appear at Fairness Hearing in *Dorsey J. Reirdon v. XTO Energy Inc.*" Be sure to include your name, address, telephone number, and signature. Your Notice of Intention to Appear must be served on and received by the counsel listed in Answer to Question No. 18 and must be filed with the Clerk of the Court at the address in the Answer to Question No. 18 no later than _____, 2018 at 5 p.m. CDT. You cannot speak at the Final Fairness Hearing if you exclude yourself from the Settlement Class.

If you object to the Settlement or any part thereof and you or your attorney wish to be heard at the Final Fairness Hearing, you must file a Notice of Intention to Appear as outlined above by the date specified for objections in the Answer to Question No. 18 in order to present your objection at the Hearing (see also Answer to Question No. 18 above).

## IF YOU DO NOTHING

## 23. What happens if I do nothing at all?

If you do nothing and you are a Class Member, you will receive payment in connection with the Settlement as explained in response to Question No. 9 above if you are entitled to a distribution pursuant to the Allocation Methodology and Final Plan of Allocation, and you will be bound by the Settlement. Unless you exclude yourself from the Settlement Class, neither you nor any other Releasing Party will be able to start a lawsuit or arbitration, continue a lawsuit or arbitration, or be part of any other lawsuit or arbitration against any of the Released Parties based on any Released Claims.

## GETTING MORE INFORMATION

## 24. Are there more details about the Settlement?

This Notice summarizes the Settlement. The complete terms of the Settlement are set out in the Settlement Agreement and the documents referenced therein and attached thereto. You may obtain a copy of the Settlement Agreement, as well as other documents, from the settlement website for free at www.reirdonxtoenergy.com or you may request copies by writing to *Reirdon-XTO Settlement*, c/o _____, Settlement Administrator, _____. If you elect to obtain copies from a source other than the free website, there may be a charge to you for copying and mailing such documents. The Settlement Agreement also is filed in *Dorsey J. Reirdon v. XTO Energy Inc.*, Case No. 6:16-cv-00087-KEW, with the Clerk of the United States District Court for the Eastern District of Oklahoma, 101 North 5th Street, Muskogee, Oklahoma 74401, and may be obtained from the Clerk's office directly. Further information regarding the Litigation and this Notice may be obtained by contacting Plaintiff's Counsel at the address provided in the Answer to Question No. 18 above.

## 25. How do I get more information?

You can visit the website at www.reirdonxtoenergy.com, where you will find answers to common questions about the Settlement plus other information to help you determine whether you are a Class Member and whether you are eligible for payment. You can also call _____ toll free or write to *Reirdon-XTO Settlement*, c/o _____, Settlement Administrator, _____.

## INQUIRIES

All inquiries concerning this notice or any other questions by Class Members should be directed to the Settlement Administrator as follows:

*Reirdon-XTO Settlement*
c/o _____, Settlement Administrator

_____

Toll Free: _____
Website: www.reirdonxtoenergy.com
Email: _____

**PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE.**

DATED: _____, 2017                    BY ORDER OF THE COURT

# Exhibit 4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DORSEY J. REIRDON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 6:16-CV-00087-KEW |
| | ) |
| XTO ENERGY INC., | ) |
| | ) |
| Defendant | ) |

**If You Have Received a Royalty Payment for Production from an Oil and Gas Well in Oklahoma, You Could Be a Part of a Proposed Class Action Settlement**

There is a proposed settlement in a putative class action lawsuit filed against XTO Energy Inc. about statutory interest allegedly owed on certain royalty payments for oil and gas production proceeds from oil and gas wells in Oklahoma. The proposed Settlement provides for a cash payment of $20,000,000.00, plus Future Benefits that Plaintiff estimates have a net present value of at least $20,000,000.00. The Litigation is called *Dorsey J. Reirdon v. XTO Energy Inc.* The Litigation is pending in the United States District Court for the Eastern District of Oklahoma before Magistrate Judge Kimberly E. West.

**This notice is a summary only. For more detailed information regarding the rights and obligations of Class Members, you should read the full Notice of Proposed Settlement, Motion for Attorneys' Fees, and Fairness Hearing ("Notice of Proposed Settlement") and other documents related to the proposed Settlement, which can be found at the website listed at the bottom of this document.** Capitalized terms not otherwise defined in this notice shall have the meanings attributed to those terms in the Stipulation and Agreement of Settlement ("Settlement Agreement") referred to below.

On _____, 2017, the Court preliminarily approved a Settlement in the above-captioned litigation (the "Litigation") between Plaintiff Dorsey J. Reirdon ("Plaintiff"), on behalf of himself and the Settlement Class, and XTO Energy Inc. ("Defendant"). In settlement of all Settlement Class claims asserted in the Litigation, Defendant has agreed to (1) pay $20,000,000.00 in cash ("Gross Settlement Fund"), which will be distributed in accordance with the Settlement Agreement and orders of the Court, and (2) provide other relief described in the Settlement Agreement.

| What Is the Litigation About? |
|---|

The Litigation seeks damages for Defendant's alleged failure to pay statutory interest on royalty payments made outside the time periods set forth in the Production Revenue Standards Act, 52 Okl. St. §570.10 (the "PRSA") for oil and gas production proceeds from oil and gas wells in Oklahoma. The Court did not decide which side was right. Defendant denies that certification would be proper in a contested class action and denies any and all allegations of wrongdoing and liability. Defendant has only agreed to the proposed Settlement to avoid the uncertainty, burden, and expense of continued litigation. Likewise, Plaintiff has agreed to the proposed Settlement to avoid the uncertainty, burden, and expense of continued litigation.

## Who Are Class Members?

The Settlement Class includes:

All non-excluded persons or entities who between January 1, 2009 and October 31, 2017 received royalty and/or overriding royalty payments from Defendant (or Defendant's designee) for oil and gas production proceeds from oil and gas wells in Oklahoma.

The persons or entities excluded from the Settlement Class are: (1) persons or entities who have received only working interest payments during the Claim Period; (2) agencies, departments, or instrumentalities of the United States of America and the State of Oklahoma; (3) publicly traded oil and gas companies and their affiliates; (4) persons or entities that Plaintiff's Counsel are prohibited from representing under Rule 1.7 of the Oklahoma Rules of Professional Conduct, including, but not limited to, Charles David Nutley and Danny George (who Plaintiff's Counsel cannot represent because such representation would create a concurrent conflict of interest); and (5) officers of the Court.

Please visit the website listed at the bottom of this document for more detailed information concerning the proposed settlement.

## What Does the Settlement Provide?

In consideration of the Settlement, Defendant has agreed to pay $20,000,000.00 that will be distributed according to the terms of the Settlement Agreement, the documents referenced in and exhibits to the Settlement Agreement, and orders from the Court. In addition, Defendant has agreed to, commencing on the later of (i) December 31, 2017 or (ii) the Effective Date and continuing unless or until there is a change in the law, implement new procedures and policies for paying statutory interest to royalty interest owners and overriding royalty interest owners in Oklahoma without awaiting a request for such statutory interest. See the Settlement Agreement for full details. Plaintiff estimates these Future Benefits have an estimated net present value of at least $20,000,000.00 to the Settlement Class.

Additionally, Defendant has agreed to pay up to $750,000 of Administration, Notice, and Distribution Costs as described in the Settlement Agreement. The Court will deduct Plaintiff's Attorneys' Fees, Litigation Expenses, Plaintiff's Case Contribution Award, the amount of money attributable to Class Members who are excluded from the Settlement Class, and other fees and expenses from the Gross Settlement Fund, and the remainder of the fund (the "Net Settlement Fund") will be distributed to eligible Class Members based on a variety of factors. These factors determining the amount distributed to each Class Member (if any) include the production date, the date the underlying royalty payment was made, the amount of the underlying royalty payment made, the time periods set forth in the PRSA, any additional statutory interest that Plaintiff's Counsel believes has since accrued, and the amount of interest or returns that have accrued on the Class Member's proportionate share of the Net Settlement Fund (if any) during the time such share was held in the Escrow Account. Additional information on the benefits of the Settlement, including information on the distribution of the Net Settlement Fund, can be found in the Settlement Agreement and other documents posted on the website listed at the bottom of this document. In exchange, Class Members will release Defendant and others identified in the Settlement Agreement from the claims made in the Litigation and other claims as described in the Settlement Agreement.

## Who Represents Me?

Four law firms represent the Settlement Class: (a) Nix, Patterson & Roach, LLP; (b) Ryan Whaley PLLC; (c) Whitten Burrage; and (d) Richards & Connor, PLLC. You may hire your own attorney, if you wish. However, you will be responsible for that attorney's fees and expenses.

## What Are My Legal Rights?

**Stay in the Settlement Class:** You do not have to do anything to stay in the Settlement Class and receive the benefits of the proposed Settlement. If you stay in the Settlement Class, you may also object to the proposed Settlement. If you stay in the Settlement Class, you will be bound by all orders and judgments of the Court, and you

will not be able to sue, or continue to sue, Defendant or any of the other Released Parties for the legal claims released in the Settlement Agreement.

- **Remain in the Settlement Class and receive benefits:** If you remain in the Settlement Class and the Court approves the proposed Settlement, you or your successors will receive the benefits of the proposed Settlement in accordance with the Settlement Agreement and any Plan of Allocation orders entered by the Court.
- **Object to the Proposed Settlement:** You or your lawyer have the right to file a written objection and appear before the Court to object to any aspect of the proposed Settlement or the requests for Plaintiff's attorneys' fees, Litigation Expenses, or Case Contribution Award. In order to be valid, your written objection must (1) contain the information described in the full Notice of Proposed Settlement and Preliminary Approval Order found at the website listed below and (2) be filed with the Court and served on Plaintiff's Counsel and Defendant's Counsel, via certified mail return receipt requested, and received by _____, 2018 at 5 p.m. **CDT.** For mailing addresses and more information about the steps required by the Court for your objection to be valid, please see the full Notice of Proposed Settlement and Preliminary Approval Order at the website listed below.

**Exclude Yourself From the Settlement Class:** To exclude yourself from the Settlement Class, you must file a written statement with the Court and send a copy by certified mail, return receipt requested, to Defendant's Counsel, Plaintiff's Counsel, and the Settlement Administrator. Your letter must (1) include your name, address, telephone number, and notarized signature; (2) state that you want to be excluded from the Settlement Class in *Dorsey J. Reirdon v. XTO Energy Inc.*; and (3) include the other information described in the full Notice of Proposed Settlement and Preliminary Approval Order. To be effective, your written request for exclusion must be filed with the Court and served on the Settlement Administrator, Defendant's Counsel, and Plaintiff's Counsel by certified mail, return receipt requested, in accordance with the instructions provided in the Preliminary Approval Order, and received by _____, 2018 at 5 p.m. **CDT.** If you do not follow the procedures described in the Preliminary Approval Order—including meeting the date for exclusion set out above—you will not be excluded from the Settlement Class and you will be bound by all of the orders and judgments entered by the Court regarding the Settlement, including the release of claims. For mailing addresses and more information about properly excluding yourself from the Settlement Class, please see the full Notice of Proposed Settlement and Preliminary Approval Order at the website listed below.

| **When Will the Court Determine Whether to Approve the Proposed Settlement?** |
| --- |

The Court will hold a Final Fairness Hearing on _____, 2018 at _____ .m. CDT at the United States District Court for the Eastern District of Oklahoma, 101 North 5th Street, Muskogee, Oklahoma 74401. At the hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate and hear any valid objections that are timely submitted. The Court will also consider the Plaintiff's request for attorneys' fees, Litigation Expenses, and a Case Contribution Award. **Please note that the date of the Final Fairness Hearing is subject to change without further notice. If you plan to attend the hearing, you should check with the Court and www.reirdonxtoenergy.com to be sure no change to the date and time of the hearing has been made.**

| **Where Can I Get More Information About the Settlement?** |
| --- |

Visit: www.reirdonxtoenergy.com
Call Toll-Free: _____
Or write to: *Reirdon-XTO Settlement*
c/o _____, Settlement Administrator
_____
_____