IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DORSEY J. REIRDON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 6:16-CV-00087-KEW |
| ) | |
| XTO ENERGY INC., ) | |
| ) | |
| ) | |
| Defendant. ) | |

**ORDER AND JUDGMENT GRANTING FINAL APPROVAL
<u>OF CLASS ACTION SETTLEMENT</u>**

This is a class action lawsuit brought by Class Representative, Dorsey J. Reirdon, on behalf of himself and as representative of a class of royalty and overriding royalty owners (defined below), against XTO Energy Inc., for the alleged failure to pay statutory interest on royalty payments made outside the time periods set forth in the Production Revenue Standards Act, 52 Okl. St. §570.10 (the "PRSA") for oil and gas production proceeds from oil and gas wells in Oklahoma. On October 9, 2017, Plaintiff and Defendant executed a Stipulation and Agreement of Settlement (the "Settlement Agreement") and Supplemental Agreements, finalizing the terms of the Settlement.[1]

On October 17, 2017, the Court preliminarily approved the Settlement and issued an Order Granting Preliminary Approval of Class Action Settlement, Certifying the Class for Settlement Purposes, Approving Form and Manner of Notice, and Setting Date for Final Fairness

---

[1] Capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Settlement Agreement.

Hearing (the "Preliminary Approval Order"). In the Preliminary Approval Order, the Court, *inter alia*:

    a.    certified the Settlement Class for settlement purposes, finding all requirements of Federal Rule of Civil Procedure 23 have been satisfied with respect to the proposed Settlement Class;

    b.    appointed Plaintiff, Dorsey J. Reirdon, as Class Representative and the following law firms as Plaintiff's Counsel: (a) Nix, Patterson & Roach, LLP and (b) Ryan Whaley PLLC as Class Counsel and the law firms of (a) Whitten Burrage and (b) Richards & Connor, PLLP as liaison local counsel for the Settlement Class;

    c.    preliminarily found: (i) the proposed Settlement resulted from extensive arm's-length negotiations; (ii) the proposed Settlement was agreed to only after Class Counsel had conducted legal research and fact and expert discovery regarding the strengths and weaknesses of Class Representative's and the Settlement Class' claims; (iii) Class Representative and Class Counsel have concluded that the proposed Settlement is fair, reasonable, and adequate; and (iv) the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the proposed Settlement to the Settlement Class;

    d.    preliminarily approved the Settlement as fair, reasonable, and adequate and in the best interest of the Settlement Class;

    e.    preliminarily approved the form and manner of the proposed Notice and Summary Notice to be communicated to the Settlement Class, finding specifically that such Notice and Summary Notice, among other information: (i) described the terms and effect of the Settlement; (ii) notified the Settlement Class that Plaintiff's Counsel will

seek attorneys' fees and reimbursement of Litigation Expenses; (iii) notified the Settlement Class that Class Representative will seek a Case Contribution Award for Class Representative's services; (iii) notified the Settlement Class of the time and place of the Final Fairness Hearing; (iv) described the procedure for requesting exclusion from the Settlement; and (v) described the procedure for objecting to the Settlement or any part thereof;

  f. instructed the Settlement Administrator to disseminate the approved Notice to potential members of the Settlement Class, to publish the Summary Notice, and to display documents related to the Settlement on an Internet website in accordance with the Settlement Agreement and in the manner approved by the Court, with Administration, Notice, and Distribution Costs up to $750,000 to be paid by Defendant in accordance with the Settlement Agreement;

  g. provided for the appointment of a Settlement Administrator;

  h. provided for the appointment of an Escrow Agent;

  i. set the date and time for the Final Fairness Hearing as January 24, 2018 at 10:00 A.M. in the United States District Court for the Eastern District of Oklahoma; and

  j. set out the procedures and deadlines by which Class Members could properly request exclusion from the Settlement Class or object to the Settlement or any part thereof.

After the Court issued the Preliminary Approval Order, due and adequate notice by means of the Notice and Summary Notice was given to the Settlement Class, notifying them of the Settlement and the upcoming Final Fairness Hearing. On January 24, 2018, in accordance

with the Preliminary Approval Order and the Notice, the Court conducted a Final Fairness Hearing to, *inter alia*:

    a.    determine whether the Settlement should be approved by the Court as fair, reasonable, and adequate and in the best interests of the Settlement Class;

    b.    determine whether the notice method utilized by the Settlement Administrator: (i) constituted the best practicable notice under the circumstances; (ii) constituted notice reasonably calculated under the circumstances to apprise Class Members of the pendency of the Litigation, the Settlement, their right to exclude themselves from the Settlement, their right to object to the Settlement or any part thereof, and their right to appear at the Final Fairness Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to such notice; and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

    c.    determine whether to approve the Allocation Methodology, the Initial Plan of Allocation, and distribution of the Net Settlement Fund to Class Members who did not timely submit a valid Request for Exclusion or were not otherwise excluded from the Settlement Class by order of the Court;[2]

    d.    determine whether a Judgment should be entered pursuant to the Settlement Agreement, *inter alia*, dismissing the Litigation against Defendant with prejudice and extinguishing, releasing, and barring all Released Claims against all Released Parties in accordance with the Settlement Agreement;

---

[2] The Court will issue a separate order pertaining to the allocation and distribution of the Net Settlement Proceeds among Class Members (the "Initial Plan of Allocation Order").

    e. determine whether the applications for Plaintiff's attorneys' fees, reimbursement of Litigation Expenses, and Case Contribution Award to Class Representative are fair and reasonable and should be approved;[3] and

    f. rule on such other matters as the Court deems appropriate.

The Court, having reviewed the Settlement, the Settlement Agreement, and all related pleadings and filings, and having heard the evidence and argument presented at the Final Fairness Hearing, now **FINDS, ORDERS, and ADJUDGES as follows**:

  1. The Court, for purposes of this Order and Judgment (the "Judgment"), adopts all defined terms as set forth in the Settlement Agreement and incorporates them as if fully set forth herein.

  2. The Court has jurisdiction over the subject matter of this Litigation and all matters relating to the Settlement, as well as personal jurisdiction over Defendant and Class Members.

  3. The Settlement Class, which was certified in the Court's Preliminary Approval Order, is defined as:

> All non-excluded persons or entities who between January 1, 2009 and October 31, 2017 received royalty and/or overriding royalty payments from Defendant (or Defendant's designee) for oil and gas production proceeds from oil and gas wells in Oklahoma.
>
> The persons or entities excluded from the class are: (1) persons or entities who have received only working interest payments during the Claim Period; (2) agencies, departments, or instrumentalities of the United States of America and the State of Oklahoma; (3) publicly traded oil and gas companies and their affiliates; (4) persons or entities that Plaintiff's Counsel are prohibited from representing under Rule 1.7 of the Oklahoma Rules of Professional Conduct, including, but not limited to, Charles David Nutley and Danny George (who Plaintiff's Counsel cannot represent because such representation would create a concurrent conflict of interest); and (5) officers of the Court.

---

[3] The Court will issue separate orders pertaining to Plaintiff's Counsel's request for attorneys' fees, reimbursement of Litigation Expenses, and Class Representative's request for a Case Contribution Award.

The term "Settlement Class" includes both owners of royalty interests and overriding royalty interests. The Court finds that the above-defined Settlement Class has been properly certified for the purposes of this Settlement. The Court finds that the persons and entities identified in the attached Exhibit 1 have filed timely and valid Requests for Exclusion and are hereby excluded from the foregoing Settlement Class, will not participate in or be bound by the Settlement, or any part thereof, as set forth in the Settlement Agreement, and will not be bound by or subject to the releases provided for in this Judgment and the Settlement Agreement.

    4.    As used in this Judgment, the following terms shall have the following meanings:

    a.    "**Released Claims**" include all claims under Oklahoma law that the Releasing Parties may have against the Released Parties related solely to underpaid and unpaid statutory interest on royalty payments and overriding royalty payments made by Defendant (or any person or entity making royalty or overriding royalty payments on behalf of Defendant) during the Claim Period that were allegedly late according to the time periods set forth in the Production Revenue Standards Act, 52 Okl. St. §570.1, *et seq.* (the "PRSA"). Without limiting the foregoing, the Released Claims include any and all causes of action, choses in action, demands, debts, obligations, duties, liens, liabilities, and theories of liability and recovery of whatsoever kind and nature, whether based in contract or tort, whether arising in equity or under the common law, whether by statute or regulation, whether known or unknown, whether asserted by the Settlement Class in the past, present, or future, and whether contingent, prospective, or matured, whether for actual or punitive damages relief, interest, injunctive relief, declaratory relief, equitable relief, or any other type of relief, that are, were, or could have been asserted in the Litigation and relate to underpaid and unpaid statutory interest on royalty payments and overriding royalty payments made by Defendant (or any person or entity making royalty or overriding royalty payments on behalf of Defendant) during the Claim Period where such payments were allegedly late under the PRSA. The Released Claims specifically include all claims that a Releasing Party could make with regard to: (1) any failure to pay or delay in paying statutory interest on royalty payments and overriding royalty payments that the Releasing Party asserts were made outside the time periods set forth in the PRSA; (2) any payment of statutory interest the Releasing Party contends was less than the amount of statutory interest due under the PRSA; (3) any requirement that a request from a payee be made prior to paying statutory interest under the PRSA (or any delay in paying statutory interest until a request was made); (4) any misrepresentation and/or omission regarding the amount of statutory interest owed to a Class Member; and (5) any breach of the PRSA, actual fraud, constructive fraud, deceit, unjust enrichment/disgorgement, accounting, actual damages, punitive damages, and injunctive relief, insofar as any such claim arises from any underpaid and unpaid statutory interest

on royalty payments and overriding royalty payments made by Defendant (or any person or entity making royalty or overriding royalty payments on behalf of Defendant) where such payments were allegedly late under the PRSA.

The Released Claims do not include claims related to royalty or overriding royalty payments made outside of the Claim Period. The Released Claims also specifically do not include: (a) claims for statutory interest on routine prior period adjustments made outside of the Claim Period that were caused by any volumetric adjustments, value adjustments, or mathematical errors that were made by Defendant; (b) claims that Defendant breached obligations to Class Members to develop Oklahoma oil and gas leases and failure to prevent offset drainage; and (c) claims for statutory interest allegedly owed on any unclaimed royalty payments Defendant has submitted to the State of Oklahoma pursuant to the Uniform Unclaimed Property Act or to any other state under a similar statute.

In addition, a Class Member's Released Claims do not include the *Chieftain*-Related Claims. This provision regarding the *Chieftain*-Related Claims is subject to the express understanding of the Parties that it does not apply to the extent the *Chieftain*-Related Claims or the damages sought in *Chieftain* are the same as those asserted or sought in the Litigation. Stated another way, in the event the claims asserted or damages sought in the Litigation and those asserted or sought in *Chieftain* are the same, then all such claims or damages are included in this Settlement Agreement as a Released Claim.

      b.    **"Released Parties"** means Defendant; its predecessors, successors, heirs, assignors, and assignees; any person or entity who made royalty payments or overriding royalty payments on behalf of Defendant or its predecessors, successors, heirs, and assigns; and any past and present affiliates, directors, officers, employees, attorneys, agents, consultants, servants, stockholders, members, representatives, subsidiaries, and affiliates of the foregoing persons or entities.

      c.    **"Releasing Parties"** means the Class Member; its predecessors, successors, heirs, assignors, and assignees; and any past and present affiliates, officers, employees, attorneys, agents, consultants, servants, stockholders, members, representatives, subsidiaries, and affiliates of such persons or entities.

      d.    **"Claim Period"** means between January 1, 2009 and December 31, 2017.

5.    At the Final Fairness Hearing on January 24, 2018, the Court fulfilled its duties to independently evaluate the fairness, reasonableness, and adequacy of, *inter alia*, the Settlement and the Notice of Settlement provided to the Settlement Class, considering not only the pleadings and arguments of Class Representative and Defendant and their respective Counsel, but also the concerns of any objectors and the interests of all absent Class Members. In so doing, the Court

considered arguments that could reasonably be made against, *inter alia*, approving the Settlement and the Notice of Settlement, even if such argument was not actually presented to the Court by pleading or oral argument.

6. The Court further finds that due and proper notice, by means of the Notice and Summary Notice, was given to the Settlement Class in conformity with the Settlement Agreement and Preliminary Approval Order.  The form, content, and method of communicating the Notice disseminated to the Settlement Class and the Summary Notice published pursuant to the Settlement Agreement and the Preliminary Approval Order:  (i) constituted the best practicable notice under the circumstances; (ii) constituted notice reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the litigation, the Settlement, their right to exclude themselves from the Settlement, their right to object to the Settlement or any part thereof, and their right to appear at the Final Fairness Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to such notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, the Due Process protections of the State of Oklahoma, and any other applicable law.  Therefore, the Court approves the form, manner, and content of the Notice and Summary Notice used by the Parties.  The Court further finds that all Class Members have been afforded a reasonable opportunity to request exclusion from the Settlement Class or object to the Settlement.

7. Pursuant to and in accordance with Federal Rule of Civil Procedure 23, the Settlement, including, without limitation, the consideration paid by Defendant, the covenants not to sue, the releases, and the dismissal with prejudice of the Released Claims against the Released Parties as set forth in the Settlement Agreement, is finally approved as fair, reasonable and

adequate and in the best interests of the Settlement Class. The Settlement Agreement was entered into between the Parties at arm's-length and in good faith after substantial negotiations free of collusion. The Settlement fairly reflects the complexity of the Claims, the duration of the Litigation, the extent of discovery, and the balance between the benefits the Settlement provides to the Settlement Class and the risk, cost, and uncertainty associated with further litigation and trial. Serious questions of law and fact remain contested between experienced counsel and parties alert to defend their interests. The Settlement provides a means of gaining immediate valuable and reasonable compensation and forecloses the prospect of uncertain results after many more months or years of additional discovery and litigation. The considered judgment of the Parties, aided by experienced legal counsel, supports the Settlement. The Parties, the Settlement Administrator, and the Escrow Agent are hereby authorized and directed to comply with and to cause the consummation of the Settlement in accordance with the Settlement Agreement, and the Clerk of this Court is directed to enter and docket this Judgment in the Litigation.

8. By agreeing to settle the Litigation, Defendant does not admit, and instead specifically denies, that the Litigation could have otherwise been properly maintained as a contested class action, and specifically denies any and all wrongdoing and liability to the Settlement Class, Class Representative, and Plaintiff's Counsel.

9. The Court finds that on October 20 and 31, 2017, Defendant caused notice of the Settlement to be served on the appropriate state official for each state in which a Class Member resides, and the appropriate federal official, as required by and in conformance with the form and content requirements of 28 U.S.C. § 1715. In connection therewith, the Court has determined that, under 28 U.S.C. 28 § 1715, the appropriate state official for each state in which a Class Member resides was and is the State Attorney General for each such state, and the appropriate

federal official was and is the Attorney General of the United States. Further, the Court finds it was not feasible for Defendant to include on each such notice the names of each of the Class Members who reside in each state and the estimated proportionate share of each such Class Members to the entire Settlement as provided in 28 U.S.C. § 1715(b)(7)(A); therefore, each notice included a reasonable estimate of the number of Class Members residing in each state and the estimated proportionate share of such Class Members. No appropriate state or federal official has entered an appearance or filed an objection to the entry of final approval of the Settlement. Thus, the Court finds that all requirements of 28 U.S.C. § 1715 have been met and complied with and, as a consequence, no Class Member may refuse to comply with or choose not to be bound by the Settlement and this Court's Orders in furtherance thereof, including this Judgment, under the provisions of 28 U.S.C. § 1715.

10.     The Litigation and the Petition and all claims included therein, as well as all Released Claims, are dismissed with prejudice as to the Released Parties. The Court finds that Defendant has agreed not to file a claim against Plaintiff or Plaintiff's Counsel based upon an assertion that the Litigation was brought by Plaintiff or Plaintiff's Counsel in bad faith or without a reasonable basis. Similarly, the Court finds that Plaintiff has agreed not to file a claim against Defendant or Defendant's Counsel based upon an assertion that the Litigation was defended by Defendant or Defendant's Counsel in bad faith or without a reasonable basis. All Class Members who have not validly and timely submitted a Request for Exclusion to the Settlement Administrator as directed in the Notice of Settlement and Preliminary Approval Order (i) on behalf of the Releasing Parties are hereby deemed to have finally, fully, and forever conclusively released, relinquished, and discharged all of the Released Claims against the Released Parties and (ii) are barred and permanently enjoined from, directly or indirectly, on the Class Member's

behalf or through others, suing, instigating, instituting, or asserting against the Released Parties any claims or actions on or concerning the Released Claims based in whole or in part on any facts existing during the Claim Period. Neither Party will bear the other's Party's litigation costs, costs of court, or attorney's fees. The Court orders that Defendant shall be allowed to a refund of the Residual Unclaimed Funds pursuant to the procedures and at the time specified in the Settlement Agreement.

11. The Court also approves the efforts and activities of the Settlement Administrator, JND Legal Administration LLC, and the Escrow Agent, Citibank, N.A., in assisting with certain aspects of the administration of the Settlement, and directs them to continue to assist Class Representative in completing the administration and distribution of the Settlement in accordance with the Settlement Agreement, this Judgment, any Plan of Allocation approved by the Court, and the Court's other orders.

12. Nothing in this Judgment shall bar any action or claim by Class Representative or Defendant to enforce or effectuate the terms of the Settlement Agreement or this Judgment.

13. If it has not already occurred, the Settlement Administrator is directed to refund to Defendant the amount attributable to Class Members who timely and properly submitted a Request for Exclusion or who were otherwise excluded from the Settlement Class by order of the Court. The amount of such refund must be calculated in accordance with paragraph 6.4 of the Settlement Agreement.

14. This Judgment, the Settlement, and the Settlement Agreement—including any provisions contained in or exhibits attached to the Settlement Agreement; any negotiations, statements, or proceedings in connection therewith; or any action undertaken pursuant thereto— shall not be admissible in any action or proceeding for any reason, other than an action to enforce

the terms of this Judgment or the Settlement (including, but not limited to, defending or bringing an action based on the release provided for herein).  The Judgment, the Settlement, and the Settlement Agreement are not and shall not be deemed, described, or construed to be or offered or received as evidence of a presumption, concession, declaration, or admission by any person or entity of the truth of any allegation made in the Litigation; the validity or invalidity of any claim or defense that was, could have been, or might be asserted in the Litigation; the amount of damages, if any, that would have been recoverable in the Litigation; or any liability, negligence, fault, or wrongdoing of any person or entity in the Litigation.

15. As separately set forth in detail in the Court's Plan of Allocation Order(s), the Allocation Methodology, the Initial Plan of Allocation, and distribution of the Net Settlement Fund among Class Members who were not excluded from the Settlement Class by timely filing a valid Request for Exclusion or other order of the Court are approved as fair, reasonable and adequate, and Class Counsel and the Settlement Administrator are directed to administer the Settlement in accordance with the Plan of Allocation Order(s) entered by the Court.

16. The Court finds that Class Representative, Defendant, and their Counsel have complied with the requirements of the Federal Rules of Civil Procedure as to all proceedings and filings in this Litigation.  The Court further finds that Class Representative and Plaintiff's Counsel adequately represented the Settlement Class in entering into and implementing the Settlement.

17. Neither Defendant nor Defendant's Counsel has any liability or responsibility to Plaintiff, Plaintiff's Counsel, or the Settlement Class with respect to the Gross Settlement Fund or its administration, including but not limiting to any distributions made by the Escrow Agent or Settlement Administrator.  Except as described in paragraph 6.19 of the Settlement Agreement,

no Class Member shall have any claim against Plaintiff's Counsel, the Settlement Administrator, the Escrow Agent, or any of their respective designees or agents based on the distributions made substantially in accordance with the Settlement Agreement, the Court's Plan of Allocation Order(s), or other orders of the Court.

18.     Any Class Member who receives a Distribution Check that he/she is not legally entitled to receive is hereby ordered to either (1) pay the appropriate portion(s) of the Distribution Check to the person(s) legally entitled to receive such portion(s), or (2) return the Distribution Check uncashed to the Settlement Administrator.

19.     All matters regarding the administration of the Escrow Account and the taxation of funds in the Escrow Account or distributed from the Escrow Account shall be handled in accordance with Section 5 of the Settlement Agreement.

20.     Any order approving or modifying any Plan of Allocation Order(s), the application by Class Counsel for an award of attorneys' fees or reimbursement of Litigation Expenses, or the request of Class Representative for a Case Contribution Award shall be handled in accordance with the Settlement Agreement and the documents referenced therein (to the extent the Settlement Agreement and documents referenced therein address such an order).

21.     Plaintiff's Counsel, Plaintiff, and the Settlement Class will only be liable for loss of any portion of the Escrow Account as described in paragraph 6.19 of the Settlement Agreement.

22.     Without affecting the finality of this Judgment in any way, the Court (along with any appellate court with power to review the Court's orders and rulings in the Litigation) reserves exclusive and continuing jurisdiction over the Litigation, Class Representative, the Settlement Class, Defendant, and the other Released Parties for the purposes of:  (i) supervising

and/or determining the fairness and reasonableness of the implementation, enforcement, construction, and interpretation of the Settlement, the Settlement Agreement, any Plan of Allocation Order(s) entered by the Court, and this Judgment; (ii) hearing and determining any application by Class Counsel for an award of Plaintiff's attorneys' fees, and Litigation Expenses and/or a Case Contribution Award for Class Representative, if such determinations were not made at the Final Fairness Hearing; (iii) supervising the distribution of funds from the Escrow Account; (iv) resolving any dispute regarding a Party's right to terminate the Settlement pursuant to the Settlement Agreement; (v) enforcing the terms of the Settlement, including the entry of injunctive or other relief to enforce, implement, administer, construe and interpret the Settlement Agreement and Supplemental Agreements; and (vi) exercising jurisdiction over any challenge to the Settlement on any basis whatsoever.

23. In the event the Settlement is terminated as the result of a successful appeal of this Judgment or does not become Final and Non-Appealable in accordance with the terms of the Settlement Agreement for any reason whatsoever, then this Judgment and all orders previously entered in connection with the Settlement shall be rendered null and void and shall be vacated to the extent provided by and in accordance with the Settlement Agreement. The provisions of the Settlement Agreement relating to termination of the Settlement Agreement shall be complied with, including the refund of amounts in the Escrow Account to Defendant and the refund by Plaintiff's Counsel into the Escrow Account of any amounts previously paid to them from the Escrow Account.

24. In the event that Class Representative, Defendant, or any of the Released Parties institute any legal action against the other to enforce any provision of the Settlement Agreement or this Judgment, the prevailing party or parties shall be entitled to recover from the non-

prevailing party or parties reasonable attorneys' fees and costs incurred in connection with any such action.

25. The claims asserted by Class Representative in this Litigation are hereby DISMISSED WITH PREJUDICE to the refiling of the same or any portion thereof by or against the Released Parties. The Court retains jurisdiction pursuant to paragraph 22 above to administer the Settlement distribution process as contemplated in the Court's separate Plan of Allocation Order(s), to administer other aspects of the Settlement as described in the Settlement Agreement, and to issue additional orders pertaining to, *inter alia*, Class Counsel's request for Plaintiff's attorneys' fees and reimbursement of reasonable Litigation Expenses and Class Representative's request for a Case Contribution Award. Notwithstanding the Court's jurisdiction to issue additional orders in this Litigation, this Judgment fully disposes of all claims as to Defendant and is therefore a final appealable judgment. The Court further hereby expressly directs the Clerk of the Court to file this Judgment as a final order and final judgment in this Litigation.

26. Four objections were filed with the Court by purported Class Members who claimed to object to the Settlement. *See* Dkt. Nos. 88, 106, 107, 113. Each such objection to the Settlement was voluntarily withdrawn. *See* Dkt. Nos. 120-2 – 120-5. Having reviewed each objection and affidavit from each objector requesting the objection be withdrawn, the Court hereby approves and grants the requested withdrawal of each objection to the Settlement. No further objections to the Settlement remain.

27. One objection was filed with the Court solely concerning the decimal ownership interest of the Heiple Mineral Trust. *See* Dkt. No. 116. This was not an objection to the Settlement. Further, the objection was voluntarily withdrawn. *See* Dkt. Nos. 120-6 – 120-7.

Having reviewed the objection and request by the Heiple Mineral Trust that it be withdrawn, the Court hereby approves and grants the requested withdrawal of this objection.

28.     One objection was filed with the Court purportedly concerning the fee request by Class Counsel.  *See* Dkt. No. 90.  The Court will address that objection in its separate order concerning Class Counsel's request for attorneys' fees.  The Court finds that this does not constitute an objection to the Settlement and has no impact on the validity or finality of the Settlement or this Judgment.

28.     The Court finds that, to the extent any objections remain, all objections are overruled and hereby severed from this action for the purposes of appeal.  In the event any objector appeals this Final Approval Order or any other rulings of this Court, such objector is hereby ordered to post a cash bond in an amount to be set by the Court sufficient to reimburse Class Counsel's appellate fees, Class Counsel's expenses, and the lost interest to the Class caused by the delay, not less than two percent (2%) per annum.

IT IS SO ORDERED.

Dated this 29th day of January, 2018.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE